Hardell and another vs. Carroll.

HARDELL and another, Respondents, vs. CARROLL, Appellant.

*April 26 — May 15, 1895.*

*Sureties on executor's bond: Contribution: Leave to bring action: Voluntary payment.*

1. An action for contribution between the sureties on an executor's bond is not an action on the bond, and no leave of the court to bring suit, under secs. 4014, 4016, R. S., is necessary.
2. A payment by sureties, made only after demand made and suit threatened, is not a voluntary payment, and they are entitled to contribution.

APPEAL from an order of the circuit court for Waukesha county: A. SCOTT SLOAN, Circuit Judge. *Affirmed.*

The complaint alleges, in effect, that February 19, 1889, one Bathsheba Wilkinson died in Waukesha county, leaving a will in which one William E. Swan was named as executor; that August 13, 1889, these plaintiffs and the defendant signed a bond with Swan, as such executor, and as sureties for him, in the matter of said estate; that said Swan thereupon filed said bond, and qualified as such executor, and entered upon the discharge of his duties as such; that June 29, 1893, Swan was adjudged in the matter of said estate to pay the sum of $2,773.54; that September 11, 1893, Swan became insolvent and made an assignment of all his property for the benefit of his creditors; that between that date and November 16, 1893, the representative of that estate demanded payment of that sum from Swan, and also from these plaintiffs, as such sureties, and threatened the plaintiffs with suit unless the same was forthwith paid; that November 16, 1893, the plaintiffs, upon the advice of counsel, paid over to said estate the said sum of $2,773.54; that these plaintiffs thereupon proved their claim for the amount so paid against the estate of Swan, together with $50 paid by them for legal services therein, but were only able to

collect from the estate of Swan $787.70, leaving a balance of $2,035.84; that Swan's said estate had been settled, and he discharged from his debts; that the defendant paid nothing by reason of his liability as surety on said bond; that the plaintiffs bring this actiôn against him to compel contribution of his one-third of the amount so paid and expended by them as such sureties, to wit, the sum of $678.61, with interest thereon from November 16, 1893.

To that complaint the defendant demurred on the ground that it did not state facts sufficient to constitute a cause of action. From an order overruling that demurrer the defendant appeals.

The cause was submitted for the appellant on the brief of *Carney, Clasen & Walsh,* and for the respondents on that of *D. H. Sumner.*

To the point that the payment was gratuitous, counsel for the appellant cited *Portage Co. v. Waupaca Co.* 15 Wis. 361; *Fitzsimmons v. City F. Ins. Co.* 18 id. 235; *Jameson v. Barber,* 56 id. 630; *Mason v. Pierron,* 63 id. 239.

CASSODAY, J.  This is not an action on the bond given by Swan as executor, as counsel for the defendant seem to think.  This being so, there was no necessity for obtaining any permission from the county court before commencing the action; and secs. 4014, 4016, R. S., cited by counsel, have no application.  "The right of contribution is an equity which springs up at the time two or more persons assume as to each other the relation of co-sureties for a common principal, and ripens into a cause of action when one of the sureties pays more than his proportion of the debt for which all were liable."  Baylies, Sur. & Guar. 317, ch. 15, § 1; *Faurot v. Gates,* 86 Wis. 575.  Such contribution may be enforced in a suit at law as well as in equity.  1 Brandt, Sur. § 289. The facts alleged in the complaint negative the contention that the payment by the plaintiffs was voluntary.  They

only made payment after a demand had been made of them and they had been threatened with suit unless they paid forthwith.

*By the Court.*— The order of the circuit court is affirmed.