BRANDT, Executor, Respondent, vs. EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LTD., and others, Defendants: ZURICH GENERAL ACCIDENT & LIABILITY INSURANCE COMPANY, LTD., Appellant.

*May 18—June 21, 1938.*

For the respondent John Leslie Brandt there was a brief by *Schmitt & Schnabel* of Merrill, and oral argument by *L. F. Schmitt*.

*Carlyle B. Wurster* of Merrill, for the respondent Employers Mutual Liability Insurance Company (Employers Mutuals).

ROSENBERRY, C. J. From the complaint it appears that Adice Brandt was the owner of an automobile which by her consent was being driven by one H. P. Loud, and that on July 3, 1937, the day in question, John Brandt, the deceased, was a passenger in said automobile; that both H. P. Loud and John Brandt were employees of the Lincoln Canning Company, and at the time of the accident on the business of the company. The complaint alleges that the Brandt car collided with a Ford V–8 truck, and that John Brandt was killed as a result of the collision. It is alleged:

"Your plaintiff further alleges on information and belief that previous to July 3, 1937, for a valuable consideration, the defendant, Zurich General Accident & Liability Insurance Company, Ltd., of Zurich, Switzerland, executed and delivered to Adice Brandt its policy of automobile liability insurance wherein and whereby it undertook and agreed to indemnify the said assured or any person driving the said

Nash sedan with her consent during the policy period, against loss or damage arising or resulting from claims upon the assured for damages on account of personal injuries, property damage or otherwise, suffered by any person or persons by reason of the operation by the assured or any person with her consent of the Nash sedan hereinbefore referred to."

The policy of insurance is made a part of the complaint. The policy contained, among other provisions, the following:

## "III.

"Definition of 'Insured.' The unqualified word 'insured' wherever used in Coverages A and B and in other parts of this policy, when applicable to these coverages, includes not only the named insured but also any person or organization legally responsible for the use thereof, provided that the declared and actual use of the automobile is 'pleasure and business' or 'commercial,' each as defined herein, and provided further that the actual use is with the permission of the named insured. The provisions of this paragraph do not apply:

"(a) to any person or organization with respect to any loss against which he has other valid and collectible insurance;

"(b) to any person or organization with respect to bodily injury to or death of any person who is a named insured;

"(c) to any person or organization, or to any agent or employee thereof, operating an automobile repair shop, public garage, sales agency, service station, or public parking place, with respect to any accident arising out of the operation thereof;

"(d) to any employee of an insured with respect to any action brought against said employee because of bodily injury to or death of another employee of the same insured injured in the course of such employment in an accident arising out of the maintenance or use of the automobile in the business of such insured. . . .

## "Exclusions.

"This policy does not apply: . . .

"(e) under Coverage A, to bodily injury to or death of any employee of the insured while engaged in the business of

the insured, other than domestic employment, or in the operation, maintenance or repair of the automobile; or to any obligation for which the insured may be held liable under any workmen's compensation law."

The Zurich Company contends that it appearing from the complaint that the car was being driven on the business of the Lincoln Canning Company with the consent of the owner; that John Brandt was an employee; that the action is brought against another employee; that Brandt was injured in the course of the employment in an accident arising out of the maintenance or use of the automobile in the business of the insured (Lincoln Canning Company) within the meaning of subsection (d) of section III, hereinbefore set out, it is not liable. It is not denied that H. P. Loud, the driver of the car, is an additional insured within the terms of the policy and covered by it, but it is argued that because Loud and Brandt were coemployees of the Lincoln Canning Company, it is by the provisions of subsection (d) relieved from liability.

The question presented is one not easy of solution. The obvious purpose of subsection (d) is to leave an employee who is injured by an employer's automobile being driven by a fellow employee while both are in the course of their employment, to his remedy under the Workmen's Compensation Act or to an action against his fellow employee. The basic question is, Is the Lincoln Canning Company against whom no claim is made an additional insured within the terms of the policy?

The clauses of the policy in question are inserted pursuant to the provisions of sec. 204.30, Stats. That section was considered, discussed, and interpreted in *Bernard v. Wisconsin Automobile Ins. Co.* (1933) 210 Wis. 133, 245 N. W. 200, and in *Madison v. Steller* (1937), 226 Wis. 86, 90, 275 N. W. 703. The precise question involved in this case was

not presented in those cases. It was held, however, in *Madison v. Steller* that—

"The clause expressly makes the term 'named assured' apply solely to the person to whom the policy was issued. As a result of the clause, it is perfectly plain that the term 'assured' refers in every instance to the named assured, and, when it is qualified by the word 'named,' it applies solely to him. . . . This does not mean, however, that the unqualified term 'assured' does not include both named and additional insured. It does and must be so applied in every instance where there can be such an application."

Sec. 204.30 (3), Stats., provides in part:

"The indemnity provided by this policy is extended to apply, in the same manner and under the same provisions as it is applicable to the named assured, to any person or persons while riding in or operating any automobile described in this policy when such automobile is being used for purposes and in the manner described in said policy. *Such indemnity shall also extend to any person, firm or corporation legally responsible for the operation of such automobile."*

The plaintiff argues that the Lincoln Canning Company is not an additional insured because it is not legally responsible for the operation of the automobile under the circumstances of this case, its liability being limited to that of an employer under the Workmen's Compensation Act. It is considered that this argument is not sound. If under the circumstances of this case the car while being driven by Loud had struck and injured a third person, there can be no doubt that the Lincoln Canning Company would be liable under the doctrine of *respondeat superior.* It is equally true that it is liable for the injuries sustained by its employee Brandt. Its liability, however, is limited because of the Workmen's Compensation Act. While liability under the Workmen's Compensation Act is an incident to the relation of employer and employee, the liability is really aroused because of the injuries sustained by the employee while in the course of his employment. The

fact that the injuries are inflicted by a coemployee does not change the situation. The liability of the employer, whether it or its employee is at fault, is that prescribed by the Workmen's Compensation Act but it is still liable.

In this case it is held that Loud and Brandt being engaged in the business of their employer, Lincoln Canning Company, and while so engaged Brandt was injured through the negligence of Loud, the Lincoln Canning Company becomes an additional insured within the meaning of the statute. The Zurich Company which issued its policy of insurance is therefore not liable because of the provisions of clause (d). Injuries of the kind sustained by Brandt under the circumstances of this case are not covered by the policy.

This action is brought against an employee of the Lincoln Canning Company because of bodily injuries to and death of another employee of the same additional insured, injured in the course of their employment in an accident arising out of the use of an automobile in the business of such additional insured. It is contended that Loud is an "additional insured" because he was driving the car with the consent of the owner. That is true. The allegation of the complaint is, however, omitting immaterial parts, that —

"John Brandt was riding as a passenger in a Nash sedan automobile owned by Adice Brandt and being driven with her consent by one H. P. Loud . . . both John Brandt and H. P. Loud being then and there engaged in the performance of their duties as employees of Lincoln Canning Company of Merrill, Wisconsin."

This allegation is clearly to the effect that Adice Brandt consented to the use of the automobile by Loud and Brandt in the business of the Lincoln Canning Company. They were engaged in no business of their own but in that of their employer. The consent therefore was that the car be driven on such business and though made to an employee of the Lincoln Canning Company it was in legal effect made to the Lin-

coln Canning Company itself. If Loud had been driving a car owned by the Lincoln Canning Company while he and Brandt were engaged in the performance of their duties as employees of the Lincoln Canning Company, no question could arise; liability under the circumstances would not be covered by the policy being within the provisions of clause (d). The same result follows when they are driving a car being used in the business of the Lincoln Canning Company, although the car was loaned to it, because it is an additional insured both within the meaning of the statute and the policy itself.

*By the Court.*—The order appealed from is reversed, and the cause remanded with directions to sustain the demurrer and for further proceedings according to law.

FAIRCHILD and NELSON, JJ., dissent.