NARLOCH and another, Respondents, vs. CHURCH and another, Appellants.

*February 13—March 12, 1940.*

For the appellants there was a brief by *Quarles, Spence & Quarles,* and oral argument by *Arthur Wickham,* all of Milwaukee.

For the respondent Narloch there was a brief by *Bird, Smith, Okoneski & Puchner* of Wausau, and oral argument by *C. B. Bird.*

For the respondent state of Wisconsin there was a brief by the *Attorney General* and *William A. Platz,* assistant attorney general, and oral argument by *Mr. Platz.*

FRITZ, J.    Defendants contend that in view of the status of employee and employer, which existed between the plaintiff and the defendant Church as employees, and the state as their employer, there is no liability on the part of the insurer under the provisions in its policy (1) in relation to extending the indemnity afforded thereby to others than the named insured; and (2) in relation to the limitations upon and applicable to the coverage which is afforded by the policy for

damages sustained as the result of bodily injury or death of an employee caused by the negligence of either his employer or a fellow employee of his employer, whether the employer is the named insured or a party to whom the indemnity afforded by the policy is extended. The determination of these contentions necessitates passing upon different provisions in the policy and the statutes applicable thereto. Whether the insurer's obligation to indemnify on account of a claim for liability, which is within the coverage afforded by a policy, is extended to some party other than the named insured, depends upon the provisions in the policy and in sec. 204.30 (3), Stats., in respect to extending the insurer's obligation for indemnity to others than the named insured. On the other hand, whether there is coverage for a particular claim depends upon the terms in the policy which provide as to what claims, and under what conditions in respect to matters such as the status of either the person injured or the person by whom the injury was caused or the use which was being made of the automobile on the occasion in question there is coverage, or coverage is excluded by provisions which operate as limitations upon the coverage. The coverage afforded by a policy when a claim for damages is against a party who, although not the named insured, is one to whom the obligation to indemnify is extended by provisions in the policy or the statute is no greater than nor different from the coverage thereunder when the claim is against the named insured. As we said in *Bernard v. Wisconsin Automobile Ins. Co.* 210 Wis. 133, 137, 245 N. W. 200, "Sec. 85.93, Stats. (sec. 85.25, Stats. 1927), providing for direct liability of insurers to persons entitled to recover of the assured, creates no liability where none exists by the terms of the policy." See also *Madison v. Steller*, 226 Wis. 86, 88, 275 N. W. 703. In each of those cases we held that there was no liability on the part of the insurer because, under the provisions in its policy, there was no coverage under any circumstances

for a claim by an employee of a named insured for damages for injury caused by the negligence of his fellow employee in operating an automobile, which belonged to and was covered by the policy issued to their common employer. But in those cases there was no question as to the extension of the insurer's obligation for indemnity to any party other than the named insured.

In the case at bar, the defendants base their contention that the indemnity does not extend to the defendant Church upon the provisions in that part of the policy relating to extending the indemnity to others than the named insured which provides that the policy does not apply "(d) to any employee of an insured with respect to any action brought against said employee because of bodily injury to or death of another employee of the same insured injured in the course of such employment in an accident arising out of the maintenance or use of the automobile in the business of such insured." That intended exception to the extension of the insurer's obligation for indemnity is clearly in conflict with the provisions in sec. 204.30 (3), Stats., which provide that,—

"No such policy shall be issued or delivered in this state to the owner of a motor vehicle, unless it contains a provision reading substantially as follows: The indemnity provided by this policy is extended to apply, in the same manner and under the same provisions as it is applicable to the named assured, to any person or persons while riding in or operating any automobile described in this policy when such automobile is being used for purposes and in the manner described in said policy. Such indemnity shall also extend to any person, firm or corporation legally responsible for the operation of such automobile. The insurance hereby afforded shall not apply unless the riding, use or operation above referred to be with the permission of the assured named in this policy, or if such assured is an individual with the permission of an adult member of such assured's household other than a chauffeur or domestic servant; provided, however, that no in-

surance afforded by this paragraph shall apply to a public automobile garage or an automobile repair shop, sales agency, service station and/or the agents or employees thereof. In the event an automobile covered by this policy is sold or transferred the purchaser or transferee shall not be an additional insured without consent of the company, indorsed hereon."

In view of that statute the only permissible exceptions to the extension of the insurer's obligation for indemnity are that the extension of the indemnity afforded "shall not apply *unless* the riding, use or operation" referred to in the statute "be with the permission of the assured named in this policy," etc.; that "no insurance afforded by this paragraph shall apply to a public automobile garage or an automobile repair shop, sales agency, service station and/or the agents or employees thereof;" and that if the automobile "is sold or transferred the purchaser or transferee shall not be an additional insured without consent of the company, indorsed hereon." As the intended limitation by sub. (d) of the policy upon the extension of the indemnity is not within any of the exceptions which are authorized under sec. 204.30 (3), Stats., that intended limitation is clearly in violation of the statute and therefore void. Consequently, that provision in the policy does not preclude the extension of the insurer's obligation for indemnity to Church if the plaintiff Narloch's claim against Church for damages is within the coverage afforded by the policy.

The question as to whether there is coverage under the policy in respect to Narloch's claim for the damages which she sustained as the result of negligence of Church in operating the automobile in question, while she was using it to transport herself and Narloch in the course of their employment for the state in attending to its business, arises by reason of provisions in sub. (e) in that part of the policy which prescribes what claims for injury are within or are excluded from the coverage thereunder. The provisions in question

are that "this policy does not apply: . . . (e) under Coverage A, to bodily injury to or death of any employee of the insured while engaged in the business of the insured, other than domestic employment, or in the operation, maintenance or repair of the automobile; or to any obligation for which the insured may be held liable under any workmen's compensation law. . . ." In that connection, with that provision there must be taken into consideration the following portion of the definition in the policy, that "the unqualified word 'insured' wherever used in Coverages A and B and in other parts of this policy, when applicable to these coverages, includes not only the named insured but also any person while using the automobile and any person or organization legally responsibile for the use thereof, provided. . . ." Under sub. (e), which is quoted above, the policy does not apply and therefore the coverage thereunder would not extend to the claim of Narloch for her bodily injury, if, by reason of her status as an employee of the state and the fact that she was injured while engaged in its business, she was "an employee of the *insured;*" and the business of the state in which she was engaged while injured was "the business of the *insured*" within the meaning of the word "insured" as used in sub. (e) of the policy. Turning then to the above-quoted definition of the word "insured" as used in the policy, we find that it means, in so far as the definition is applicable in determining whether the state is one of the "insured," "any person or organization legally responsible for the use" of the automobile. Consequently, the determination of the crucial question as to whether Narloch's employer, *i. e.,* the state of Wisconsin, was one of the "insured" while Narloch was in its employ and while she was engaged in its business, depends upon whether the state was legally responsible for the use of the automobile at the time of Church's operation thereof, as is contended herein by the defendants. In so contending, the defendants rely in part upon the conclusions

in *Brandt v. Employers' Liability Assur. Corp.* 228 Wis. 328, 280 N. W. 403, that, by reason of the private employer's liability under the Workmen's Compensation Act for the death of the employee who was injured by the negligence of a fellow employee in operating a borrowed automobile, which was being used in the common employer's business, there was such legal responsibility on the part of the employer for the operation of the automobile as to constitute the employer an additional insured under the terms in a similar definition in an automobile liability indemnity policy; and that "in view of another provision of the policy, excluding from the indemnity coverage an employee of an insured with respect to an action brought against him because of injury or death of a fellow employee injured in an accident arising out of the use of the automobile in the business of such insured, the insurer was not liable under the policy for the death in question." (Syllabus.)  In the *Brandt Case* the employer was a private corporation, and as such would have been liable under the doctrine of *respondeat superior,* and therefore legally responsible for the use of the car if, while it was being driven negligently, it was operated by its employee in the course of his employment, and some third person who was not a coemployee had been injured; and that potential legal responsibility on the part of the employer for the use of the automobile under such circumstances would have warranted the conclusion that the insurer was not liable under the policy for the death in question.  It was not intended in the *Brandt Case* that an employer who under no circumstances would be liable in tort to anybody could be held to be an additional insured merely because of his consent to be liable under the Workmen's Compensation Act.  It is apparent in construing the provisions in the policies in the *Brandt Case* and the case at bar, as well as the provisions in the statutes, such as secs. 204.30 and 85.93, in relation to automobile liability indemnity insurance, that the object of the contract of insurance is

to provide insurance against liability in tort and not against the liability of an employer to his employees under the Workmen's Compensation Act. In view of the requirements under that act in respect to insurance, there is no occasion for any additional type of insurance against an employer's liability under the act.

In the case at bar the state would not have been liable under the doctrine of *respondeat superior,* if some third party had been injured by the negligent operation of the automobile by the defendant Church while engaged as an employee of the state in the discharge of one of its governmental functions. As was said in *Apfelbacher v. State,* 160 Wis. 565, 572, 152 N. W. 144, "municipalities, as well as the state itself, have long been held immune from liability for the tortious acts of their agents and officers while engaged in the discharge of a governmental function." Because the state would not be liable in tort to any person under any circumstances for the negligence of Church in operating the automobile, it would not be "legally responsible for the use thereof" by Church within the meaning of that term as used in the policy in question. While the state is liable under the Workmen's Compensation Act because it has consented by provisions in the act to become so liable, its liability in that respect to Narloch has nothing to do under any circumstance with the use of the automobile. Its liability to her would have been the same if the injury which she sustained had been caused at the time in question by the negligence of a stranger or some unavoidable accident.

It follows that the state is not an additional insured under the terms of the policy, and that consequently Narloch's claim for damages sustained by her as the result of the injury in question is not excluded by the terms in sub. (e) of the provisions of the policy in relation to the coverage thereunder; that under the provisions in sec. 204.30 (3), Stats., and the provisions in the policy which are not in conflict with that

section in so far as they relate to the extension of the insurer's obligation for indemnity to others than the named insured, the indemnity does extend to the defendant Church under the facts stated in defendants' answer; and that therefore the demurrer to the defense in question was rightly sustained by the trial court.

*By the Court.*—Order affirmed.

FAIRCHILD, J., concurs in the result.