## INDEMNITY INS. CO. OF NORTH AMERICA v. MALISFSKI et al.

### No. 1400.

District Court, D. Maryland.

Aug. 7, 1942.

Wendell D. Allen, of Baltimore, Md., for plaintiff.

Daniel E. Klein and Hector J. Ciotti, both of Baltimore, Md., for defendants.

COLEMAN, District Judge.

This is a suit by the plaintiff, the Indemnity Insurance Company of North America, under Section 274d, of the Judicial Code, 28 U.S.C.A. § 400, for a declaratory judgment exempting it from liability under a certain automobile insurance policy which it issued to one of the defendants, the Mayor and City Council of Baltimore, a municipal corporation, and two individuals as hereinafter explained.

The jurisdictional requirements as to diversity of citizenship and amount in controversy are satisfied and there is no real dispute with respect to any of the material facts, which, summarized, are as follows: In January, 1941, Theodore Malisfski, one of the present defendants, while employed as a day laborer by the Highways Department of Baltimore City (whose corporate name is the Mayor and City Council of Baltimore), was injured by falling from a truck which was under hire to the Highways Department, as follows: A local express company, known as the Joseph S. Wernig Express Company, hired out the truck at $1.50 per hour. It supplied and paid the driver, Charles Wernig, but gave him no orders after he reported to the Highways Department for work. The Express Company also paid for the gasoline, maintenance and any repairs of the truck. On this particular day the truck was being used for the removal of snow from the streets of Baltimore. While so hired, the job of snow removal was being conducted under the exclusive direction of a Highways Department foreman, who rode in the cab of the truck, with the driver, and directed him where to go. This foreman had working under him a gang of six Highways Department employees, including the injured Malisfski, who shoveled the snow into the truck, as it kept abreast of their work. When the accident to Malisfski occurred, the truck was proceeding to one of the yards or depots of the Highways Department, just before the noon, or dinner, hour. The foreman had complete control over the number of hours the driver worked, and the places where he would take the truck. This arrangement by Baltimore City for hiring trucks from the Express Company to supplement its own supply of them had been followed for seven or eight years.

As a result of the accident, Malisfski received workmen's compensation from the City of Baltimore by an award of the Maryland State Industrial Accident Commission. Thereafter, he filed a negligence suit in the Superior Court of Baltimore City against the driver of the truck, Charles Wernig, only, and recovered a judgment against him for $4,000.00 which is unsatisfied. In view of this judgment, which was obtained after the present suit for a declaratory judgment was filed, but before it was heard, this Court dismissed Charles Wernig as a defendant at the commencement of the hearing.

At the time of Malisfski's accident, the truck from which he fell was covered by an automobile liability policy which the plaintiff in this suit, the Indemnity Insurance Company of North America, had issued, with the following named as the insured: (1) Joseph S. Wernig, President of the Wernig Express Company; (2) the Express Company itself and (3) the Mayor and City Council of Baltimore.

The policy contains an enumeration of permissive users, commonly known as an "omnibus clause" which is as follows (Clause III. "Definition of Insured"): "The unqualified word '*insured*' wherever used in coverages A and B [bodily injury and property damage liability] and in other parts of this policy, when applicable to such coverages, includes not only the named *insured* but also any person while using the automobile and any person or organization legally responsible for the use thereof, provided the declared and actual use of the automobile is 'pleasure and business' or 'commercial', each as defined herein, and provided further the actual use is with the permission of the named *insured*." But it then provides that "The provisions of this paragraph do not apply: * * * (c) to any employee of an *insured* with respect to any action brought against said employee because of bodily injury to or death of another employee of the same *insured* injured in the course of such employment in an accident arising out of the maintenance or use of the automobile in the business of such *insured*."

In addition, under "Exclusions," there is the following: "This policy does not apply: * * * (f) to bodily injury or to death of any employee of the *insured* while engaged in the business, other than domestic employment, of the *insured,* or while engaged in the operation, maintenance or repair of the automobile; or to any obligation for which the *insured* may be held

liable under any workmen's compensation law; * * *."

The insurance company contends that the policy imposes no obligation upon it to pay the judgment obtained by Malisfski, for two reasons: (1) Under Clause III (c) of the policy, just quoted, Charles Wernig, the driver of the truck, was not an "insured", because both he and Malisfski were employees of the City at the time the latter was injured; and (2) even if Charles Wernig be found not to have been an employee of the City at the time Malisfski was injured, the provisions of "Exclusion (f)", just quoted, preclude liability, because one of the named insured, the City of Baltimore, was liable for, and has paid workmen's compensation to Malisfski.

The first question, of course, to be determined is by whom was Wernig, the truck driver, employed. It must be conceded he was not an independent contractor. If he was an employee of both the City and the Express Company, then it necessarily follows that he was an employee of the same insured, namely, the City, as was the plaintiff in the State court suit.

 The conclusion is inescapable that Wernig is to be treated as an employee of the City. Once he had entered upon the day's work for the City in the course of which Malisfski was injured, Wernig was, for the duration of such day's work, no longer in the service of the Express Company or in any respect subject to its control. "One may be in the general service of another, and, nevertheless, with respect to particular work, may be transferred, with his own consent or acquiescence, to the service of a third person, so that he becomes the servant of that person, with all the legal consequences of the new relation." Standard Oil Company v. Anderson, 212 U.S. 215, 220, 29 S.Ct. 252, 253, 53 L.Ed. 480. Wernig's status must be determined in accordance with the law of Maryland where the employment took place. We find nothing in such decisions as Hood v. Azrael, 167 Md. 641, 175 A. 666, upon which counsel for Malisfski appear to rely, that conflicts with our conclusion. See Salowitch v. Kres, 147 Md. 23, 127 A. 643; Hooper v. Brawner, 148 Md. 417, 129 A. 672, 42 A.L.R. 1437; Dippel v. Juliano, 152 Md. 694, 137 A. 514. But assuming that Wernig was, at the time, an employee of both the Express Company and the City, the result, by virtue of the construction which must be placed upon the wording of Clause III

(c), would be the same. Furthermore, one of the insured, the City, has been held liable to one of its employees, Malisfski, under the Maryland Workmen's Compensation law. So a decision in favor of the insurance company might be rested solely upon "Exclusion (f)" of the policy, but we will consider also the effect of Clause III (c).

 It is to be noted that Clause III (c) provides that "The provisions of this paragraph do not apply * * * to any employe of an *insured* with respect to any action brought against said employe because of bodily injury to or death of another employe of the same *insured* injured in the course of such employment in an accident arising out of the maintenance or use of the automobile in the business of such *insured*." That is to say, the word "insured", preceded by the article "an" with the use of the same word "insured" later on in the same clause qualified by the word "same", leaves no room to doubt that such language must be taken literally, for its full face value, and interpreted as meaning what it says, namely, that if the plaintiff in the suit is employed by *any one* of the same insured, person or corporation, as is the injured person, then the limitation applies.

In Johnson v. Aetna Casualty & Surety Co., 104 F.2d 22, a recent case of the Fifth Circuit Court of Appeals, virtually the identical clauses were involved. It is true, in that case the Court was not called upon to determine the status of the defendant employee as between *two* employers, but merely his relationship to *one* person. However, we believe that the reasoning in that case is sound and directly applicable to the facts in the present case. There the Court said, after quoting the clause of the policy which corresponds, almost verbatim, to Clause III (c) of the policy here in suit (104 F.2d page 24): "But for Paragraph IV as quoted Frank Green would have been the only insured. Because of the first sentence, Elvin Green becomes also an insured. But this effect of Par. IV does not obtain if (d) is true, that is, if Elvin Green is an employee of an insured (Frank Green is an insured) and the action is brought against him for injury or death of another employee of the same insured (Frank Green) occurring in the course of the employment by the use of the insured automobile. We find no uncertainty or ambiguity in the language. It excludes the threatened suits against Elvin Green from the coverage of the policy. Appellants rely

on Kaifer v. Georgia Casualty Co., 9 Cir., 67 F.2d 309, but the policy there did not have clause (d) just above discussed. That decision is further in opposition to such cases as Continental Casualty Co. v. Pierce, 170 Miss. 67, 154 So. 279; Birrenkott v. McManamay, 65 S.D. 581, 276 N.W. 725; Madison v. Steller, 226 Wis. 86, 275 N.W. 703. In these it was thought that where the named insured was not protected against the suit of his employee by the insurance which he had taken out for his own benefit, it would be unreasonable to construe the policy as protecting one using the automobile by permission who had not taken out the insurance. The presence here of clause (d) makes it unnecessary to decide which construction ought in its absence to be followed."

The case of Kaifer v. Georgia Casualty Co., referred to in the opinion in the Johnson case from which we have just quoted, is relied upon by counsel for Malisfski and the City. But we agree with the manner in which it was distinguished in the Johnson case—that is to say, the limitation clause with which we are here concerned was not in the policy in the Kaifer case. So we do not think that case is an authority contrary to our conclusions, but even if it were, we would not be disposed to follow it, because we believe the reasoning of the Johnson case to be the more sound.

Reference has been made to several other federal decisions, notably State Farm Mut. Automobile Insurance Co. v. Mackechnie, 114 F.2d 728, a recent decision of the Circuit Court of Appeals for the Eighth Circuit. There, again, the policy contained virtually the same clauses as those involved in the present case, but, while the decision was adverse to the insurance company, the Court found the facts did not call for application of these clauses. Thus, although the Kaifer case, supra, is cited (but not discussed) apparently with approval in the Court's opinion in the Mackechnie case, such reference scarcely has the weight even of dictum.

There have been a number of decisions by our highest State courts dealing with the same question, and the clear weight of such authorities coincides with the conclusion here reached. As typical State court decisions, see General Accident Fire & Life Assur. Corp. v. Kimberly, 61 Ga. App. 153, 6 S.E.2d 78, a decision of the Court of Appeals of Georgia, rendered in 1939; and Brandt v. Employers' Liability

Assur. Corp., 228 Wis. 328, 280 N.W. 403, a decision of the Supreme Court of Wisconsin, rendered in 1938. See, also, 127 A.L.R., Annotated, p. 542, where many of the cases on this question are collected.

In the Brandt case, supra, the policy provisions were similar to those of the policy in suit. The automobile was not owned by an employer, an "additional insured", in whose business two of his employees were using the automobile with the consent of the named insured, the owner, when one of these employees was killed through the alleged negligence of the other employee in driving the automobile. The Court said at pages 331–334 of 228 Wis., at page 404 of 280 N.W.: "The obvious purpose of subsec. (d) [the same as subsection (c) of Clause III of the policy in suit] is to leave an employee who is injured by an employer's automobile being driven by a fellow employee while both are in the course of their employment, to his remedy under the workmen's compensation act or to an action against his fellow employee. The basic question is, is the Lincoln Canning Company against whom no claim is made an additional insured within the terms of the policy? * * *

"The plaintiff argues that the Lincoln Canning Company is not an additional insured because it is not legally responsible for the operation of the automobile under the circumstances of this case, its liability being limited to that of an employer under the workmen's compensation act, St.1937, § 102.01 et seq. It is considered that this argument is not sound. * * *

"In this case it is held that Loud and Brandt being engaged in the business of their employer, Lincoln Canning Company, and while so engaged Brandt was injured through the negligence of Loud, the Lincoln Canning Company becomes an additional insured within the meaning of the statute. The Zurich Company which issued its policy of insurance is therefore not liable because of the provisions of Clause D. Injuries of the kind sustained by Brandt under the circumstances of this case are not covered by the policy.

" * * * It is contended that Loud is an 'additional insured' because he was driving the car with the consent of the owner. That is true. * * *

"If Loud had been driving a car owned by the Lincoln Canning Company while he and Brandt were engaged in the performance of their duties as employees of

458

the Lincoln Canning Company, no question could arise; liability under the circumstances would not be covered by the policy being within the provisions of Clause D. The same result follows when they are driving a car being used in the business of the Lincoln Canning Company although the car was loaned to it because it is an additional insured both within the meaning of the statute and the policy itself."

■ To summarize, and in conclusion, any other result than the one reached would be tantamount to vitiating the literal effect which we believe must be given to the words employed in Clause III (c). By so doing we still leave the definition of "insured" as given in the first part of Clause III applicable to many instances to which it is intended to apply. However, counsel for the City and for Malisfski would have us say that since Wernig at the time of the accident was driving the truck with the authority or permission of one of the named insured, i.e. the Express Company, or of another named insured, the City, or of both, he thereby himself became, under Clause III, one of the insured and that such status as an insured must control, in interpreting the policy, over his legal status as an employee of the City, or of the Express Company, or both. But such interpretation would completely nullify paragraph (c) of Clause III as to fellow-servant situations to which, by the very words employed, it expressly applies. Nor is it any more logical to say that the non-application of paragraph (c) may be restricted to such cases as the present, where the employee of the City, around whom the argument revolves, is not on the City's pay-roll, i.e. not a regular employee of the City in a strict or literal sense, because of course employer-employee status is not determined by the manner in which, or from whom, the employee actually receives his wages.

■ Clearly, by "Exclusion (f)" of the policy, Malisfski would have had no rights under the policy on account of his injuries, if the City had been named as the sole insured. Yet it is now contended that Malisfski has such rights because his fellow employee has become, under the policy, an additional insured. The obvious intent of the policy is that no employee of *any* insured, whether named in the policy or embraced within the policy definition of who is an insured, has any protection under it other than protection against claims by

parties who stand in relation to him as do the *public* generally, and therefore Clause III (c) and "Exclusion (f)" are not really in conflict. The policy is a *public* liability policy. Nor should the existence of prima facie ambiguity or inconsistency in the terms of the policy mean that the doubt should be resolved against the insurance company. It is the intention of the parties to the contract of insurance, gathered from the instrument as a whole, that must govern. See Leeds, Inc., v. Aetna Casualty & Surety Co., D.C., 40 F.Supp. 966, and cases cited.

Judgment will be entered in accordance with this opinion, declaring that the Indemnity Insurance Company of North America is not liable, on the policy in suit, to the parties defendant.