SCHENKE, Plaintiff and Respondent, vs. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and another, Defendants and Respondents: OHIO CASUALTY INSURANCE COMPANY, Interpleaded Defendant and Appellant.

*November 16—December 19, 1944.*

302

*Michael Levin* of Milwaukee, for the appellant.

For the respondents there was a brief by *Jacobson, Malone & Hippenmeyer* of Waukesha, attorneys for Stephen J. Bunich, and *Quarles, Spence & Quarles* of Milwaukee, attorneys for the State Farm Mutual Automobile Insurance Company, and *Kenneth Grubb* of Milwaukee of counsel, and oral argument by *Mr. Grubb* and *Mr. Marcus A. Jacobson.*

MARTIN, J.  Plaintiff was the owner of the automobile in which he was injured through the alleged negligence of the defendant Bunich, who, at the time, was driving said automobile with the permission of the plaintiff-owner.  The defendant State Farm Mutual Automobile Insurance Company had theretofore issued its policy to Bunich, covering any liability on his part while operating a car not owned by him. The plaintiff carried a policy of liability insurance with the Ohio Casualty Insurance Company, which company was interpleaded on a cross complaint of the defendant Bunich.

The appeal presents a very narrow question:  Can the insurer restrict coverage to the driver with permission to less than that granted to the named insured, except as permitted by sec. 204.30 (3), Stats.?    Said section provides:

"No such policy shall be issued or delivered in this state to the owner of a motor vehicle, unless it contains a provision reading substantially as follows:  The indemnity provided by this policy is extended to apply, in the same manner and under the same provisions as it is applicable to the named assured, to any person or persons while riding in or operating any automobile described in this policy when such automobile is being used for purposes and in the manner described in said policy. Such indemnity shall also extend to any person, firm or corporation legally responsible for the operation of such automobile.    The insurance hereby afforded shall not apply unless

the riding, use or operation above referred to be with the permission of the assured named in this policy, or if such assured is an individual, with the permission of an adult member of such assured's household other than a chauffeur or domestic servant; provided, however, that no insurance afforded by this paragraph shall apply to a public automobile garage or an automobile repair shop, sales agency, service station and/or the agents or employees thereof. In the event an automobile covered by this policy is sold or transferred the purchaser or transferee shall not be an additional insured without consent of the company, indorsed hereon."

The foregoing section permits of but three limitations to omnibus coverage: (1) The operation must be with permission; (2) the omnibus coverage does not apply to a public garage or an automobile repair shop, sales agency, service station and/or the agents or employees thereof; and (3) it does not apply for the benefit of the purchaser where the automobile is sold. Except as indicated, the extension of the insurer's obligation for indemnity to the driver with permission must be as great as the obligation for indemnity to the named insured. *Narloch v. Church,* 234 Wis. 155, 290 N. W. 595.

In the *Narloch Case, supra,* the question of the validity of the exception to omnibus coverage was, in principle, the same as the exception here involved. In that case, page 159, the court said:

"In the case at bar, the defendants base their contention that the indemnity does not extend to the defendant Church upon the provisions in that part of the policy relating to extending the indemnity to others than the named insured which provides that the policy does not apply '(d) to any employee of an insured with respect to any action brought against said employee because of bodily injury to or death of another employee of the same insured injured in the course of such employment in an accident arising out of the maintenance or use of the automobile in the business of such insured.' That intended exception to the extension of the insurer's obligation for in-

demnity is clearly in conflict with the provisions in sec. 204.30 (3), Stats."

The court further said, page 160:

"As the intended limitation by sub. (d) of the policy upon the extension of the indemnity is not within any of the exceptions which are authorized under sec. 204.30 (3), Stats., that intended limitation is clearly in violation of the statute and therefore void."

What is there said is applicable to paragraph (a) of the appellant's policy issued to Schenke, wherein it provides that the insurance with respect to any person or organization other than the named insured does not apply "(a) to injury to or death of any person who is a named insured." The intended limitation by paragraph (a) is not within any of the exceptions authorized under sec. 204.30 (3), Stats. It is in violation of the statute and is therefore void.

Appellant seems to rely to a considerable extent on *Bernard v. Wisconsin Automobile Ins. Co.* 210 Wis. 133, 245 N. W. 200, and *Madison v. Steller,* 226 Wis. 86, 275 N. W. 703. Referring to both cases, the court in the *Narloch Case, supra,* page 158, said:

"In each of those cases we held that there was no liability on the part of the insurer because, under the provisions in its policy, there was no coverage under any circumstances for a claim by an employee of a named insured for damages for injury caused by the negligence of his fellow employee in operating an automobile, which belonged to and was covered by the policy issued to their common employer. But in those cases there was no question as to the extension of the insurer's obligation for indemnity to any party other than the named insured."

We are not here considering or deciding what limitations might be included under general exclusion clauses. We are

simply holding that the omnibus coverage clause in appellant's policy is in violation of sec. 204.30 (3), Stats., and therefore void. We think the case is squarely ruled by *Narloch v. Church, supra.* The order must be affirmed.

*By the Court.*—Order affirmed.