AINSWORTH and another, Plaintiffs, vs. BERG and another, Defendants and Appellants: ROGERS and another, Impleaded Defendants and Respondents.*

*October 11—November 16, 1948.*

* For disposition on motion for rehearing, see post, p. 445a.

440

For the appellants there was a brief by *Genrich & Terwilliger,* attorneys, and *Emil A. Wakeen* of counsel, all of Wausau, and oral argument by *Herbert Terwilliger.*

For the respondent Hardware Mutual Casualty Company there was a brief by *Fisher, Reinholdt & Peickert* of Stevens

Point, and oral argument by *Richard T. Reinholdt* and *Robert A. Fisher.*

*Robert C. Altman* of Wausau, argued orally for the respondent Orville Rogers.

HUGHES, J.  On August 17, 1945, Clarence Ainsworth, while riding in a truck owned by the Copps Company and driven by Orville Rogers, was injured in an accident when the truck collided with a vehicle driven by the appellant Edwin Berg.  At the time of the accident both Orville Rogers and Clarence Ainsworth were employees of the Copps Company, and the truck was being operated on business of the Copps Company.  The Hardware Mutual Casualty Company carried workmen's compensation insurance for the Copps Company as well as collision and public liability insurance on its vehicle.

The Farmers Mutual Automobile Insurance Company is the insurer of Edwin Berg on an automobile policy.

The Hardware Mutual paid collision damage to the Copps Company on its truck, and made compensation payments to Clarence Ainsworth.

On May 1, 1947, the Hardware Mutual entered into an agreement with Clarence Ainsworth whereby it assigned its subrogation claims to him with a stipulation that he would share any benefits derived in the third-party action against Edwin Berg.  On the same date it entered into a like agreement with the Copps Company, authorizing it to sue for its damages to the truck under an arrangement whereby the Hardware Mutual would be reimbursed proportionately on the collision payment made theretofore by it, and further stipulating that no settlement should be made unless first approved by the Hardware Mutual.

Action was commenced by Clarence Ainsworth and the Copps Company against Edwin Berg and the Farmers Mutual for the recovery by Clarence Ainsworth of damages for his

personal injury and by the Copps Company for damage to its vehicle and cargo. The summons and complaint were served on Edwin Berg on August 12, 1947, and on Farmers Mutual on August 13, 1947.

On August 27, 1947, upon the application of the defendants Edwin Berg and Farmers Mutual, based upon the affidavit of one of their attorneys dated August 27th, an order to show cause why Rogers and the Hardware Mutual should not be impleaded in the action for purposes of contribution, was signed by a court commissioner and made returnable before the circuit court on September 13, 1947. No other notice had been served upon Orville Rogers or the Hardware Mutual, and no action had been commenced against them by reason of said accident prior to the service of the affidavit and order to show cause. The trial court ordered the respondents impleaded for purposes of contribution.

On September 16, 1947, plaintiffs served an amended summons and complaint upon appellants and respondents. The case was tried to a jury and both drivers were found to be guilty of negligence which contributed to cause the damages of Clarence Ainsworth and the Copps Company. On motions after verdict the trial court ordered the entry of judgment in favor of the plaintiffs against the defendants Edwin Berg and the Farmers Mutual, and dismissed the appellants' cross complaint against Orville Rogers and the Hardware Mutual for contribution.

In so doing, the trial court relied upon *Palmer v. Autoist Mut. Ins. Co.* (1940) 234 Wis. 287, 289, 291 N. W. 364. That was an action brought by Palmer, as liquidator of the Builders & Manufacturers Mutual Casualty Company, against the Autoist Mutual Insurance Company for contribution toward damages paid by the Builders & Manufacturers Mutual. The payment had been made by the Builders & Manufacturers Mutual on a judgment entered against it in Minnesota in an action by one Fagerborg for personal injuries sustained in a

collision in Wisconsin between two trucks, one owned by Berend Trux, Inc., on which the Builders & Manufacturers Mutual had issued its policy, the other owned by Waker-shauser, on which the Autoist Mutual had issued its policy. The suit in Wisconsin was for contribution, and on a motion for summary judgment the affidavits set forth that in the Minnesota action the Autoist Mutual and its assured· had ·not been made parties, nor had they been served with any notice by Fagerborg. The trial court held that since the two years had elapsed without notice and before the commencement of the suit for contribution, there could be no recovery. Upon appeal Palmer contended that the action being one for contribution by one joint tort-feasor against another, sec. 330.19 (5), Stats., requiring the injured person to give notice to the one against whom he seeks recovery, did not apply and that the tort-feasor paying more than its just portion of the damages was entitled to recover in an action begun at any time before the running of the six-year statute of limitations. This court affirmed·the trial court and· said (p. 289) :

"It is quite true that there is no statute that expressly prescribes a notice of injury in actions for contribution. But for liability to contribution to exist in tort actions it is necessary that the tort-feasors be subject to a common liability. *Standard Accident Ins. Co. v. Runquist,* 209 Wis. 97, 244 N. W. 757; *Buggs v. Wolff,* 201 Wis. 533, 230 N. W. 621; *Walker v. Kroger Grocery & Baking Co.* 214 Wis. 519, 252 N. W. 721. Smith, under the allegations of the complaint herein, was a joint tort-feasor with the driver of the other truck. But to render Smith liable in contribution recovery must have been had against him or action must lie against him in favor of Fagerborg, the plaintiff in the Minnesota action. But there was no recovery against Smith in the Minnesota action, and no recovery could now be had against him by Fagerborg because no notice of injury and no complaint by Fagerborg has ever been served upon him. Thus, Smith is not liable, and there can be no common liability when there

is no liability at all. And as Smith, the insured under the extended coverage clause of the policy in suit, is not liable to Fagerborg, his insurer is not so liable, and hence is not liable to the plaintiff for contribution."

We are of the opinion that the decision in the *Palmer Case* is not sound and must be overruled. The rule of law has been stated to be that the right of contribution arises from the application of equitable rules, and that where one joint tort-feasor pays more than his just share he has an equitable right to proceed against the other joint tort-feasor for contribution. It is similar to the right of contribution which exists between cosureties. In *Estate of Koch* (1912), 148 Wis. 548, 557, 134 N. W. 663, the court, quoting from *Hardell v. Carroll* (1895), 90 Wis. 350, 351, 63 N. W. 275, said:

"The right of contribution is an equity which springs up at the time two or more persons assume as to each other the relation of cosureties for a common principal, and ripens into a cause of action when one of the sureties pays more than his proportion of the debt for which all were liable."

The law with respect to the time when liability of joint tort-feasors is established is well stated in *Western Casualty & S. Co. v. Milwaukee G. C. Co.* (1933) 213 Wis. 302, 305, 251 N. W. 491:

"Some confusion seems to exist as to when joint tort-feasors are subject to a common liability. Logically, it would appear that the right comes into being when the combination of negligent acts gives force and direction to events necessarily resulting in an occasion for paying damages. This does not depend upon an action being begun. A lawsuit may be necessary to settle the differences arising between the parties, but it is not within the province of a court as an original matter to give this right or to take it away. It has its inception at the time the negligence of the alleged joint tort-feasors concur to bring the injuries to the third person. It

springs up at the time and then and forever afterwards, until the claim is outlawed, they or either of them are under a liability to pay for injuries their negligent acts have caused. This inchoate right ripens into a cause of action when one of the joint tort-feasors pays more than his proportionate share of the claim for which all are liable."

With respect to the equitable right to contribution arising in automobile cases, it clearly has its origin in the joint misconduct of the negligent parties at the time of the accident. It remains an inchoate right until such time as one of the joint tort-feasors pays more than his fair share of the total damages resulting from such joint negligence, at which time it ripens into a right to legal action to recover therefor.

Sec. 330.19 (5), Stats., in so far as material, provides:

"No action to recover damages for an injury to the person shall be maintained unless, within two years after the happening of the event causing such damages, notice in writing, signed by the party damaged, his agent or attorney, shall be served upon the person or corporation by whom it is claimed such damage was caused, stating the time and place where such damage occurred, a brief description of the injuries, the manner in which they were received and the grounds upon which claim is made and that satisfaction thereof is claimed of such person or corporation. Such notice shall be given in the manner required for the service of summons in courts of record. No such notice shall be deemed insufficient or invalid solely because of any inaccuracy or failure therein in stating the description of the injuries, the manner in which they were received or the grounds on which the claim is made, provided it shall appear that there was no intention on the part of the person giving the notice to mislead the other party and that such party was not in fact misled thereby; provided, that the provision herein requiring notice of two years shall not apply to any event causing damage which happened before the passage and publication of this act. When an action shall be brought and a complaint actually served within two years after the happening of the event causing such damages, the notice herein provided for need not be served."

As was said by the court in the *Palmer Case, supra,* there is no provision in the statute requiring one joint tort-feasor to serve notice upon the other. Until suit is brought by the injured person there is no opportunity. It is clear that the statute was not intended to terminate rights of one joint tort-feasor against another, but was directed only at undue delay in commencement of action by injured persons. We are satisfied that the right of one joint tort-feasor against the other to recover contribution is in nowise impaired by the statutory duty placed upon the plaintiff to serve prompt notice of his injuries. The decision in the *Palmer Case* must be overruled.

The appellants, having paid the judgment in full, are entitled to judgment upon their cross complaint for contribution.

*By the Court.*—Judgment reversed in part and cause remanded with directions to enter judgment in accordance with this opinion.

BROADFOOT, J., took no part.

The following opinion was filed February 15, 1949:

HUGHES, J. (*on motion for rehearing*). The plaintiff Ainsworth and the impleaded defendant Rogers were co-employees of the Copps Company. Rogers was driving a truck of the Copps Company on company business when it collided with the automobile driven by defendant Berg.

Counsel so forcefully argued its first point with respect to notice as to cause the court to lose sight of the second:

"Does an exclusion in the omnibus coverage clause against a suit by one employee of an insured against a coemployee and a general exclusion clause which excludes coverage for liability for injury to an 'employee of the insured,' exclude coverage in an action by an employee of the named insured against such coemployee?"

Sec. 204.30 (3), Stats., provides:

"No such policy shall be issued or delivered in this state to the owner of a motor vehicle, unless it contains a provision reading substantially as follows: The indemnity provided by this policy is extended to apply, in the same manner and under the same provisions as it is applicable to the named assured, to any person or persons while riding in or operating any automobile decribed in this policy when such automobile is being used for purposes and in the manner described in said policy. Such indemnity shall also extend to any person, firm or corporation legally responsible for the operation of such automobile. The insurance hereby afforded shall not apply unless the riding, use or operation above referred to be with the permission of the assured named in this policy, or if such assured is an individual, with the permission of an adult member of such assured's household other than a chauffeur or domestic servant; provided, however, that no insurance afforded by this paragraph shall apply to a public automobile garage or an automobile repair shop, sales agency, service station and/or the agents or employees thereof. In the event an automobile covered by this policy is sold or transferred the purchaser or transferee shall not be an additional insured without consent of the company, indorsed hereon."

This statutory extension of the insurance to persons other than the named insured "in the same manner and under the same provisions as it is applicable to the named assured" means that if, under certain conditions or circumstances, the policy does not afford coverage to the named assured, then under the same conditions no coverage is afforded to an additional assured under the omnibus coverage clause. *Bernard v. Wisconsin Automobile Ins. Co.* (1933), 210 Wis. 133, 245 N. W. 200; *Cullen v. Travelers Ins. Co.* (1934), 214 Wis. 467, 253 N. W. 382; *Madison v. Steller* (1937), 226 Wis. 86, 275 N. W. 703; *Brandt v. Employers' Liability Assur. Corp.* (1938), 228 Wis. 328, 280 N. W. 403.

It is noteworthy that in the *Cullen Case, supra,* the company excluded coverage of anyone under sixteen years of age. The

driver of the car was a boy fifteen who had a special permit authorizing him to drive. The accident occurred in 1928. In 1931 the legislature enacted what is now sec. 204.34 of the statutes (ch. 477, Laws of 1931). It provides in part:

"(1) No policy of insurance, agreement of indemnity or bond covering liability or loss arising by reason of the ownership, maintenance or use of a motor vehicle issued in this state shall exclude from the coverage afforded or provisions as to benefits therein any of the following:
"(a) Persons while driving or manipulating a motor vehicle, who shall be of an age authorized by law so to do; . . ."

The law permitting the exclusion of coverage of employees of the named assured and additional assureds (*Brandt Case, supra,*) has been established by the cases cited above for more than fifteen years. Decisions of the courts should not be changed by later decisions unless the need therefor is compelling—not as a matter of pride on the part of the court, but in the interests of certainty in the law by which people may be guided. Originally the question presented by all of these cases was a simple matter of construction of a contract and there can be no great moral need for changing the rule of construction which they establish.

The legislature has had ample opportunity to change the law and has not seen fit to do so.

Appellants contend that this court has already upset the rule by its decisions in *Narloch v. Church* (1940), 234 Wis. 155, 290 N. W. 595, and *Schenke v. State Farm Mut. Automobile Ins. Co.* (1944), 246 Wis. 301, 305, 16 N. W. (2d) 817. The *Narloch Case* was distinguished from *Brandt v. Employers' Liability Assur. Corp., supra,* on the ground that the common employer of Narloch and Church was the state of Wisconsin, which had no liability in tort to an injured third party. Since the state was not liable for the negligence of Miss Church, its employee, there was nothing which the insurance carrier could be called upon to indemnify the state for, and it therefore could not be said to be an additional insured under the policy there under consideration. (See opin-

ion in *Narloch v. Church* from last paragraph on page 160 through second paragraph on page 163.)

In *Schenke v. State Farm Mut. Automobile Ins. Co., supra,* the attempted exclusion was:

"The insurance with respect to any person or organization *other than the named insured* does not apply '(a) to injury to or death of any person who is a named insured.'"

The plaintiff was the owner of the automobile which Bunich was driving, with plaintiff's consent, at the time of the accident. Obviously, if there were two assureds named in that policy and one was injured while the other was negligently operating it so as to be liable to the guest, the policy would indemnify because there was no attempt by the company issuing the policy to exclude bodily injuries to named assureds as against each other.

Since the attempted limitation was specifically made to apply to any person *other than the named insured,* it was in violation of sec. 204.30 (3), Stats., which in effect prohibits any restrictions on coverage of additional assureds beyond the restrictions applicable to the "named assured."

The court in the *Schenke Case, supra,* said (p. 305):

"We are not here considering or deciding what limitations might be included under general exclusion clauses. We are simply holding that the omnibus coverage clause in appellant's policy is in violation of sec. 204.30 (3), Stats., and therefore void."

Language cannot be much more explicit.

It is pointed out in the brief of *amicus curiae* that the compulsory-insurance statute authorizes those required to file policies to have policies which exclude coverage to co-employees as indicative of positive legislative approval of such exceptions in indemnity contracts. At all events those who have not had accidents are free to drive automobiles uninsured or with such coverage as they wish to purchase.

The only limitation upon the type of coverage that an assured shall have is contained in sec. 204.34, Stats. Sub. (2) of sec. 204.34 provides:

"No policy of insurance, agreement of indemnity or bond referred to in subsection (1) shall exclude from the coverage afforded or the provisions as to the benefits therein provided persons related by blood or marriage to the assured."

Conceivably, an automobile owner could elect to be a self-insurer on all claims except for injuries to kinfolk and buy a policy which covered only relatives by blood or marriage. The omnibus coverage clause would then give persons driving the automobile with the owner's consent like limited coverage. But whatever coverage he does buy applies to the additional assureds by force of sec. 204.30 (3), Stats.

This illustration may be extreme, but it is supplied in an effort to clarify the situation for those who say it is strange that if the restrictive clause is in one part of the policy it is effective and if in another, void.

The answer is that the legislature has prevented additional or greater restrictions in omnibus coverage clauses, but has not yet seen fit to interfere with the assured's right to make exclusions applicable both to himself and others. It likewise has not seen fit to provide that the statutory omnibus clause shall give greater coverage than the policy extends to the named assured.

This court has consistently held that a general exclusion clause excepting liability for personal injuries to employees of the named assured is effective, the last case being *Frye v. Theige* (1948), post, p. 596, 34 N. W. (2d) 793.

It follows that the defendants Edwin Berg and Farmers Mutual Automobile Insurance Company are entitled to judgment against Orville Rogers for contribution; that they are not entitled to judgment for contribution against the Hardware Mutual Casualty Company for either property damage or damages for personal injuries of plaintiff Ainsworth; that Orville Rogers is not entitled to judgment against the Hardware Mutual Casualty Company for attorneys' fees and costs because of its refusal to defend him in this action.

*By the Court.*—The mandate previously issued is vacated and set aside. The judgment of the trial court is affirmed in part and reversed in part and the cause is remanded with instructions to enter judgment in accordance with this opinion. The respondent Hardware Mutual Casualty Company to recover its costs on the appeal.

FAIRCHILD, J. (*dissenting*). I am of the opinion that it is again necessary to state my position on the validity of clauses excluding coverage to the additional insured.

The difficulty in this case it seems to me is that the opinion ignores the basic premise of the majority in *Frye v. Theige,* post, p. 596, 34 N. W. (2d) 793, that an exclusion clause which results in less protection to the additional insured than to the named insured is void under sec. 204.30 (3), Stats., no matter where it is placed in the policy. It overlooks a provision beneficial to the general public, *i. e.,* indemnity insurance in favor of an injured person. In fact the court in this case accepts the idea that the coverage to the additional insured may be restricted unequally. In the opinion is this statement: "Conceivably, an automobile owner could . . . buy a policy which covered only relatives by blood or marriage."

In reality what the court is doing in this opinion is accepting as the legislative intent the proposition that an exclusion appearing in the omnibus coverage clause is void while one appearing anywhere else in the policy is valid.

I submit again that is not the intent of the statute. The statutory language is clear. It prohibits any exclusion which in fact operates to make the coverage of the additional insured any less than that of the named insured. The placement of the exclusion is of no importance. The hope may be expressed with propriety that the legislature will redeclare its purpose to require that: "Such indemnity shall also extend to any person, . . . legally responsible for the operation of such automobile." See dissent in *Frye v. Theige, supra,* p. 602.