VICK, Special Administratrix, and another, Plaintiffs, vs. BROWN and others, Defendants and Appellants: STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Interpleaded Defendant and Respondent.*

*May 3—July 12, 1949.*

* Motion for rehearing denied, with $25 costs, on October 11, 1949.

148

For the appellants there was a brief by *Aberg, Bell, Blake & Conrad* of Madison, and *Dougherty, Grubb & Ryan* of Janesville, and oral argument by *William J. P. Aberg* and *Edwin Conrad,* and by *William E. Critton* of Stoughton.

For the respondent there was a brief by *Roberts, Roe & Boardman,* attorneys, and *Walter M. Bjork* of counsel, all of Madison, and oral argument by *Mr. Bjork.*

BROADFOOT, J.   On June 14, 1946, the interpleaded defendant Breitzman and one Peter Alsmo Vick were each employed by the Stoughton Canning Company.   Each reported

for work at the plant of the company that morning. The foreman of the company instructed Breitzman to take his car and drive to a farm, known as the Schumacher farm in Rock county, to plant corn for the company. He was instructed to take Vick along to help with the corn planting. Breitzman owned a 1937 Ford automobile which he occasionally used in work for the company. He received no compensation for the use of the car, except that the company furnished gasoline and oil. The company did not maintain his automobile nor did it have any title or ownership interest in it. After receiving his orders Breitzman, with Vick as a passenger, drove to a filling station in Stoughton and picked up a fuel pump for his car. He then proceeded toward the Schumacher farm to plant corn as directed.

At about 8:15 a.m. on said date Breitzman was traveling in a southerly direction on a public highway in the town of Fulton, Rock county, Wisconsin. Defendant Brown at that time was operating an automobile in a westerly direction on an intersecting highway. The Breitzman car and the Brown car collided in the intersection formed by these highways. Vick was severely injured as a result of this collision and died two days thereafter.

The Stoughton Canning Company was subject to the Wisconsin Workmen's Compensation Act, and its compensation insurer was the Hardware Mutual Casualty Company. On December 27, 1945, the State Farm Mutual Automobile Insurance Company issued to the defendant Breitzman a policy of automobile liability insurance which was in force and effect on the date of the accident. This policy, in which Walter Breitzman was the only named assured, contained the following printed sections:

"I. *Coverage A—Bodily Injury Liability.* To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages, including damages for care and loss of

services, because of bodily injury, including death at any time resulting therefrom, sustained by any person or persons, caused by accident and arising out of the ownership, maintenance or use of the automobile.

"*Coverage B—Property Damage Liability.* To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages because of injury to or destruction of property, including the loss of use thereof, caused by accident and arising out of the ownership, maintenance or use of the automobile."

"III. *Definition of 'Insured.'* The unqualified word 'insured' wherever used in coverages A and B and in other parts of this policy, when applicable to such coverages, includes the named insured and, except where specifically stated to the contrary, also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is with the permission of the named insured. The insurance with respect to any person or organization other than the named insured does not apply:

"(a) to injury to or death of any person who is a named insured;

"(b) with respect to any trailer covered by this policy while used with any automobile not covered by like insurance in the company;

"(c) to any person or organization, or to any agent or employee thereof, operating an automobile repair shop, public garage, sales agency, service station or public parking place, with respect to any accident arising out of the operation thereof;

"(d) to any employee with respect to injury to or death of another employee of the same employer injured in the course of such employment in an accident arising out of the maintenance or use of the automobile in the business of such employer."

An indorsement, dated December 27, 1945, added the following language:

"It is agreed that subdivisions (a), (b), and (d) of Insuring Agreement III, definition of 'insured,' are deleted."

Under the caption "Exclusions" are found the following clauses:

"This policy does not apply:

"(d) Under coverage A, to bodily injury to or death of any employee of the insured while engaged in the employment, other than domestic, of the insured, or while engaged in the operation, maintenance or repair of the automobile;

"(e) Under coverage A, to any obligation for which the insured or any company as his insurer may be held liable under any workmen's compensation law."

Sec. 204.30 (3), Stats., provides in part:

"(3) No such policy shall be issued or delivered in this state to the owner of a motor vehicle, unless it contains a provision reading substantially as follows: The indemnity provided by this policy is extended to apply, in the same manner and under the same provisions as it is applicable to the named assured, to any person or persons while riding in or operating any automobile described in this policy when such automobile is being used for purposes and in the manner described in said policy. Such indemnity shall also extend to any person, firm or corporation legally responsible for the operation of such automobile. . . ."

The respondent contends that since Vick was an employee of the Stoughton Canning Company, which was legally responsible for the operation of the vehicle at the time of the accident, he was an employee of the insured as defined in par. III of the policy and under the provisions of sec. 204.30 (3) of the statutes; that the Stoughton Canning Company was an additional insured under the policy and that the term "employee of the insured" used in exclusion clause (d) thereof refers to additional insured as well as the named insured. It further contends that the obligation of the workmen's compensation insurer of the Stoughton Canning Company for payment for the death of Vick is not covered under the policy of insurance because of exclusion clause (e) thereof.

Respondent relies upon three prior decisions of this court: *Brandt v. Employers' Liability Assur. Corp.* 228 Wis. 328, 280 N. W. 403; *Narloch v. Church,* 234 Wis. 155, 290 N. W. 595; *Ainsworth v. Berg,* 253 Wis. 438, 34 N. W. (2d) 790, 35 N. W. (2d) 911. These cases all involved the liability of an insurer to an additional insured who was covered by the policy because of the provisions of sec. 204.30 (3), Stats. In the *Brandt Case* one John Brandt was riding as a passenger in an automobile owned by Adice Brandt and driven by one H. P. Loud with her consent. John Brandt and Loud were coemployees of the Lincoln Canning Company. In the *Narloch Case,* Irene H. Narloch was riding as a passenger in an automobile owned by Harriet M. Church and driven by Ruth E. Church with the owner's consent. Irene H. Narloch and Ruth E. Church were coemployees of the state of Wisconsin. In the *Ainsworth Case,* Clarence Ainsworth was a passenger in a truck owned by the Copps Company, his employer, and driven by Orville Rogers, a coemployee, with the consent of the company. In each of the above cases the driver and passenger were engaged in the work of the employer.

In this case, the defendant Breitzman was driving his own automobile when his passenger, Vick, was injured. Vick was not his employee. Breitzman had purchased a policy of insurance from the respondent. This policy insured him, within the policy limits, against claims for damages because of bodily injuries or death caused by his negligence while operating his automobile. There is no occasion under the facts here to look into the rights of other persons given protection under the policy because of the provisions of sec. 204.30 (3), Stats. The exclusions in the policy referred to employees of Breitzman. Vick was not his employee and Breitzman is entitled to protection under the policy.

Respondent contends that the Stoughton Canning Company was legally responsible for the operation of the automobile under the doctrine of *respondeat superior,* and quotes the

*Brandt Case* as authority therefor. We call attention to the fact that the rule in the *Brandt Case* was modified in the *Narloch Case* and the rule there stated is as follows (p. 162):

"It is apparent in construing the provisions in the policies in the *Brandt Case* and the case at bar, as well as the provisions in the statutes, such as secs. 204.30 and 85.93, in relation to automobile liability indemnity insurance, that the object of the contract of insurance is to provide insurance against liability in tort and not against the liability of an employer to his employees under the Workmen's Compensation Act."

The liability of the Stoughton Canning Company to Vick and his dependents is solely under the Workmen's Compensation Law. There is no liability in tort.

We also call attention to the fact that clauses (a), (b), and (d) of insuring agreement III are deleted by indorsement. This gives rise to some ambiguity in the proper construction to be given to the policy, and it is a well-settled rule in Wisconsin that ambiguity in insurance policies is construed most favorably to the insured. *Employers Mut. L. Ins. Co. v. Tollefsen,* 219 Wis. 434, 263 N. W. 376.

*By the Court.*—Judgment reversed and cause remanded for further proceedings.