**KAIFER v. GEORGIA CASUALTY CO.**

No. 7087.

Circuit Court of Appeals, Ninth Circuit.

Oct. 23, 1933.

Lasher B. Gallagher, of Los Angeles, Cal., for appellant.

George P. Kinkle, of Los Angeles, Cal., for appellee.

Before WILBUR, SAWTELLE, and MACK, Circuit Judges.

MACK, Circuit Judge.

This appeal is from a judgment for defendant in an action at law on an indemnity insurance policy issued by defendant. Jury was waived and the cause submitted to the court. The only evidence was the stipulation of facts. No motion was made by either party for a declaration of law or its equivalent. The court made no special findings, but found generally for the defendant on its conclusion of law that the exclusion clause of the policy was applicable under the facts as stipulated and absolved the defendant from liability. Disregarding, in view of the result reached by us, defendant's exception to the striking out on plaintiff's motion of certain stipulated facts, the only question before us in the circumstances is whether or not the ultimate stipulated facts and the pleadings necessitated a conclusion and judgment contrary to that reached by the court. The pertinent provisions of the policy which named Columbia Pictures Corporation and/or officers as the assured are copied in the margin.[1]

___

[1] "* * * the Company Does Hereby Agree, * * *

"To INSURE the Assured against loss by reason of the liability imposed by law upon the Assured for damages on account of Bodily injuries, including death, at any time resulting therefrom, to any person or persons, * * * Accidentally suffered * * * while this policy is in force by reason of the ownership, maintenance or use * * * of any automobile described in the Declarations. * * *

"B. Additional Assureds. The Insurance * * * is so extended as to be available, in the same manner and under the same provisions as it is available to the Named Assured, to any person or persons while riding in or legally operating any of the

■ The pertinent stipulated facts are that appellant, who is in Columbia's employ as a camera man, while engaged in photographing for it in connection with a moving picture, was injured by Columbia's truck negligently driven by one Sparks in the course of his employment as such driver by Columbia in connection with the picture. Plaintiff recovered a judgment against Sparks in the California state court for $10,000 and costs for damages on account of the injuries thereby caused to him.

Clearly Sparks was an additional assured, as a person legally operating a truck, covered by the policy, with the permission of the named assured. The contested question is whether or not plaintiff was an employee of the assured engaged in any business or occupation of the assured within the third exclusion provision.

Literally construed the word "assured" in this provision would mean the named assured and the additional assured Sparks. Concededly plaintiff was not an employee of Columbia and Sparks jointly or of Sparks alone, but was in the sole employment of Columbia.

The first exclusion clause clearly indicates that defendant assumed no liability to indemnify either Columbia or any one else against loss arising out of an injury to any of its employees, which would be covered by a Workmen's Compensation Law. The second exclusion clause absolves it from liability from injury to such an employee engaged in operating an automobile covered by the policy whether a Workmen's Compensation Act was applicable or not. These two clauses, however, do not appear to throw any light on the proper interpretation of the third exclusion clause.

Appellant properly contends that the word "assured" in this clause cannot be restricted to named assured, and that if it be held that he was engaged in the business or occupation of the named assured (Columbia), he certainly was not either an employee or engaged in the business of the additional assured (Sparks). We concur in this contention.

■ If defendant had desired to exclude liability for any injury to any employee of Columbia caused by a fellow employee of Columbia, such exclusion would have been clearly expressed in the policy. Any ambiguity must be resolved against the insurer. In our judgment, however, there is no ambiguity in the clause; it does not cover the present situation. If there be an unintentional omission, we are powerless to supply the needed words.

■ The provision in the policy under which any insurance is to be applied first to the protection of Columbia as the named assured and only the remainder if any to the protection of Sparks as the additional assured furnishes no defense because the stipulated facts are silent as to any liability to Columbia for the injuries in question. Presumably any such liability of Columbia to its own employee for injuries sustained by him in the course of his employment comes within the first exclusion provision.

Judgment reversed, and cause remanded.

automobiles described in the Declarations or to any person, firm or corporation legally responsible for the operation thereof, provided such use or operation is with the permission of the Named Assured * * *.

"The unqualified term 'assured' wherever used in this policy shall include in each instance the Named Assured and any other person, firm or corporation entitled to Insurance under the provisions and conditions of this policy, but the qualified term 'Named Assured' shall apply only to the Assured named and described in Declaration No. 1. Any Insurance under this policy shall be applied first to the protection of the Named Assured and the remainder, if any, to the protection of any other Assured.

"C. Exclusions. This policy does not cover (1) any obligation assumed by or imposed upon the Assured by any Workmen's Compensation Agreement, plan or law, (2) injuries or death to any employee of the Assured while engaged in operating or caring for any automobile insured hereunder, (3) injuries or death to any employee of the Assured engaged in any trade, business, profession or occupation of the Assured."