Buck and another, Plaintiffs and Respondents, vs. Home Mutual Casualty Company, Defendant and Appellant: Paulson and another, Defendants and Respondents.*

*February 7—March 6, 1951.*

* Motion for rehearing denied, with $25, costs, on May 8, 1951.

For the appellant there was a brief by *Byrne, Bubolz & Spanagel* of Appleton, and oral argument by *Edward J. Byrne*.

For the respondent Marcella Wendler Buck there was a brief by *Arnold Cane* of Menasha, attorney, and *O'Leary,*

*Joyce & Remley* of Neenah of counsel, and for the respondent Hardware Mutual Casualty Company by *Bradford, Derber & Gabert* of Appleton.

For the respondent Archie Paulson there was a brief by *Mayhew Mott* and *Howard E. Bloom,* both of Neenah, attorneys, and *Walter D. Corrigan, Sr.,* and *Thomas M. Corrigan,* both of Milwaukee, of counsel, and oral argument by *Mr. Walter D. Corrigan, Sr., Mr. Mott,* and *Mr. Bloom.*

FRITZ, C. J.   The facts material to this appeal are as follows: On February 28, 1945, a truck owned by Alf Paulson was borrowed by his neighbor, Carl Schueler,—a cheesemaker whose truck had broken down,—to collect milk from farmers. Because Alf Paulson's truck had just been repaired he wanted his son Archie,—who had not been an employee of Schueler,—to drive the truck. Archie drove to Schueler's cheese factory to pick up Schueler's employee, Marvin Wendler, to accompany Archie in collecting the milk. While crossing the track of the Minneapolis, St. Paul & Sault Ste. Marie Railroad Company, the truck was struck by a train. Wendler was fatally injured, and Archie was also injured. Home Mutual Casualty Company carried a policy of automobile liability and property damage insurance on the Alf Paulson truck, which contained among others, the following provisions:

"III. Definition of 'Insured:' The unqualified word 'insured' wherever used in coverages A and B and in other parts of this policy, when applicable to such coverages, includes the named insured and, except where specifically stated to the contrary, also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is with the permission of the named insured. . . .

"X. . . . This policy does not apply: . . . (e) under coverages A and C, to bodily injury to or death of any employee of the insured while engaged in the employment, other than domestic, of the insured, or while engaged in the operation, maintenance, or repair of the automobile; (f) under coverage

A, to any obligation for which the insured or any company as his insured may be held liable under any Workmen's Compensation Law; . . ."

Marcella Wendler Buck is the widow of Marvin Wendler (since remarried), and Hardware Mutual Casualty Company, which was Schueler's workmen's compensation carrier, paid to her, as the widow, compensation benefits on the death of Marvin Wendler. She and the Hardware Mutual Casualty Company sued the Railroad Company and Archie Paulson and the Home Mutual Casualty Company for damages for the wrongful death of Marvin Wendler. Home Mutual Casualty Company moved for summary judgment of dismissal of the complaint as to it on the grounds that:

(1) The claim is for the death of an employee of an insured under the policy, which claim is excluded from coverage; (2) the claim of Hardware Mutual Casualty Company is for the recovery of compensation paid by it as workmen's compensation carrier of an insured under the Home Mutual Casualty Company policy and is excluded from coverage.

Sec. 204.30 (3), Stats., provides:

"(3) No such policy shall be issued or delivered in this state to the owner of a motor vehicle unless it contains a provision reading substantially as follows: The indemnity provided by this policy is extended to apply, in the same manner and under the same provision as it is applicable to the named insured, to any person or persons while riding in or operating any automobile described in this policy when such automobile is being used for purposes and in the manner described in said policy. Such indemnity shall also extend to any person, firm, or corporation legally responsible for the operation of such automobile. The insurance hereby afforded shall not apply unless the riding, use, or operation above referred to be with the permission of the assured named in this policy, or if such assured is an individual, with the permission of an adult member of such assured's household other than a chauffeur or domestic servant; provided, however, . . ."

The Home Mutual Casualty Company policy in the case at bar was issued to Alf Paulson as named insured and he admittedly has no tort liability to Marvin Wendler under the facts presented by the pleadings and affidavits of record. But according to the complaint Archie Paulson, who was driving his father's truck, is guilty of negligent operation thereof in various respects, and his negligence caused injury to and the death of Marvin Wendler, who was an employee of Schueler.

The definition of "insured" found in appellant's policy gives coverage to three classes of persons, viz.: (1) The named insured; (2) any person while using the automobile with the permission of the named insured; and (3) any person or organization legally responsible for the use thereof. Archie Paulson is clearly within the second class of persons mentioned in that definition of insured as he was the person using the automobile with the permission of the named insured (Alf Paulson), and incurred tort liability to Marvin Wendler and his widow. Neither Alf Paulson, the named insured, nor Archie Paulson, the person using the truck, was the employer of Marvin Wendler and consequently the *exclusions* in the policy, "while engaged in the employment, other than domestic, of the insured, or while engaged in the operation, maintenance, or repair of the automobile," and "to any obligation for which the insured or any company as his insurer may be held liable under any Workmen's Compensation Law," have no application as to coverage afforded them. Schueler, the employer of Marvin Wendler, has no tort liability to Wendler or his widow, the plaintiff, and therefore Schueler has no legal liability or responsibility to Wendler to bring him within the definition of "insured" in the automobile liability indemnity policy issued to Alf Paulson by the appellant. As the court stated in *Narloch v. Church,* 234 Wis. 155, 290 N. W. 595, and *Vick v. Brown,* 255 Wis. 147, 38 N. W. (2d) 716, the object of the automobile liability indemnity policy is to provide insurance against liability

in tort, and not against liability of an employer to his employee under the Workmen's Compensation Act. Schueler's only liability to Wendler and his widow, the plaintiff, was under the Compensation Act, and therefore there cannot be sustained appellant's contention that Schueler was an insured under appellant's policy within its definition of "any person or organization legally responsible for the use thereof," which is the third class of persons given protection under paragraph III of appellant's policy. Archie Paulson was the only person who incurred tort liability to Marvin Wendler by the use and operation of the truck which he was driving; and he alone qualifies as an additional insured as to the cause of action brought by the plaintiffs. As we held in *Vick v. Brown, supra,* it would be immaterial whether an employer has no liability in tort because of the Workmen's Compensation Act or because (as we held in the *Narloch Case, supra*) it is a corporate body acting in a governmental capacity at the time of the negligent act causing injury to the plaintiff. It is the lack of tort liability in fact to the injured person that controls regardless of whether it came about through a statute or immunity afforded a governmental unit. Schueler, in this case, is in virtually the same situation as the Stoughton Canning Company was in the *Vick Case, supra,* in which the canning company had no tort liability toward its injured employee and therefore it was not an insured within the policy as to the action brought to recover for his injuries. The absence of legal liability in tort of Schueler to Marvin Wendler or his widow has no bearing on the right of Archie Paulson in this case to the insurance protection under the policy issued to Alf Paulson as the owner of the truck. Archie Paulson derived his right through his father's policy and is in no way affected by the fact that Schueler had no right to coverage or protection under appellant's policy because he failed to qualify within the definition of "insured." The exclusion clauses in its policy which are relied on by appellant

are not material in this case because as neither Archie Paulson nor Alf Paulson was an employer of Marvin Wendler, they do not come within those clauses.

*By the Court.*—Order affirmed.