72 So.2d 353 (1954)
PULLEN
v.
EMPLOYERS' LIABILITY ASSUR. CORP., Limited, et al.
No. 20265.
Court of Appeal of Louisiana, Orleans.
April 12, 1954.
Rehearing Denied May 24, 1954.
Writ of Certiorari Granted October 5, 1954.
*354 Joseph A. Gladney, Baton Rouge, and Amos L. Ponder, Jr., New Orleans, for Mrs. Vola Evelyn Pullen, plaintiff and appellant.
Deutsch, Kerrigan & Stiles, New Orleans, and Marian Mayer, New Orleans, of counsel, for Employers' Liability Assur. Corp., Ltd., defendant and appellee.
Warren M. Simon, Thomas C. Wicker, Jr., and Cicero C. Sessions, New Orleans, for V. J. Mitchell, defendant and appellant.
Montgomery, Barnett, Brown & Sessions, New Orleans, for Maryland Casualty Co., intervenor and appellant.
McBRIDE, Judge.
This is a case which depends for decision on the interpretation of a policy of liability insurance.
Plaintiff, the widow of L. Edward Pullen, sued the two defendants, who are The Employers' Liability Assurance Corp., Ltd., and V. J. Mitchell, claiming $142,709.25, in solido from them, for the death of her husband. Mrs. Pullen attributes her husband's death, which occurred in the Parish of Jefferson on the afternoon of April 14, 1952, to the negligence of Mitchell; the petition alleges that The Employers' Liability Assurance Corp., Ltd., is the liability insurer of Mitchell.
Mitchell answered and called The Employers' Liability Assurance Corp., Ltd., in warranty. Maryland Casualty Company, which carried the workmen's compensation liability insurance of Southern Equipment & Tractor Co., the employer of Pullen, then intervened seeking judgment against defendants for the workmen's compensation it had already paid and which it would in the future have to pay Mrs. Pullen as a result of the death of her husband.
The Employers' Liability Assurance Corp., Ltd., then interposed exceptions of no cause or right of action against Mrs. Pullen's demand against it, and also against Mitchell's call in warranty, and also against the petition of intervention of Maryland Casualty Company. The exceptions of no cause of action were maintained below, and plaintiff's suit as against the exceptor, the call in warranty, and the intervention as against exceptor were dismissed, and from the judgments Mrs. Pullen, Mitchell, and Maryland Casualty Company have appealed.
It is conceded that the following are substantially the facts which gave rise to the suit: Pullen was an employee of Southern Equipment & Tractor Co., and on the date of the accident was sent from Baton Rouge to "pick up" a dragline which Southern Equipment & Tractor Co. had acquired from Mitchell as a "trade in" on a new dragline purchased by Mitchell. A few days prior to the accident one Bohlke, a salesman for Southern Equipment & Tractor Co., informed Mitchell that that company desired to take the old dragline to another destination and wished his assistance in the loading of the old dragline for transportation since Pullen, the truck driver *355 of Southern Equipment & Tractor Co., was inexperienced in loading draglines. On the date in question Mitchell was present and assisted in the loading of the dragline onto a "low boy," and during the course of the loading operations, Pullen was electrocuted when the boom of the dragline came into contact with some electric wires. It is charged that Mitchell's negligence in manipulating the boom was the cause of Pullen's death.
The policy contract issued by The Employers' Liability Assurance Corp., Ltd., names G. L. Morgan and Alvin I. Furlow d/b/a Southern Equipment and Tractor Company, Monroe and Baton Rouge, Louisiana and/or Southern Equipment and Tractor Company of Baton Rouge, Inc. and Southern Equipment and Tractor Company of Monroe, Inc., as the "insured," and under "Coverage A" the insurer agreed to pay on their behalf all sums (up to a maximum of $100,000 for one person), which the insured shall become legally obligated to pay as damages because of bodily injury, sickness, or disease, including death at any time resulting therefrom, sustained by any person and caused by accident, and arising out of the ownership, maintenance, or use of any automobile. The dragline in question is embraced within the definition of "Automobile" as contained in the contract.
The omnibus coverage under which appellants seek to hold the insurer provides:
"III. Definition of `Insured.'
"The unqualified word `insured' includes the named insured and also includes * * * (2) under coverages A and C, any person while using an owned automobile or a hired automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission, and any executive officer of the named insured with respect to the use of a non-owned automobile in the business of the named insured. * * *"
The exclusions, the interpretation of which is the critical point in the case, are set forth as follows:
"This policy does not apply:
"(c) under Coverages A and B, except with respect to liability assumed under contract covered by this policy, to any obligation for which the insured or any company as his insurer may be held liable under any workmen's compensation law;
"(d) under Coverage A, to bodily injury to or sickness, disease or death of any employee of the insured while engaged in the employment other than domestic, of the insured or in domestic employment if benefits therefor are either payable or required to be provided under any workmen's compensation law."
There is no dispute that defendant, Mitchell, operated the dragline with the permission of Southern Equipment & Tractor Co. of Baton Rouge, Inc., nor is it disputed that Southern Equipment & Tractor Co. was legally liable to Mrs. Pullen for workmen's compensation benefits. Appellants contend that whereas the claim arose by virtue of the fault of an omnibus insured, properly construed, the word "insured" where it occurs in the exclusions should be treated as referring to the person to whom the omnibus coverage clause applies and not to the named insured, and therefore it should be taken to refer solely to Mitchell. They argue, consequently, that since Pullen was not in the employ of Mitchell and that as Mitchell was not liable for any workmen's compensation benefits, the exclusions relied upon by appellee have no application and the omnibus coverage afforded Mitchell is unaffected thereby.
An examination of the policy leads to the conclusion that it is not open to such a construction as appellants contend for. The contract states specifically and unambiguously that "the unqualified word `insured' includes the named insured." To hold for appellants would necessitate striking out of *356 the policy such quoted language of the insuring agreements. (Italics ours.)
Such definition of the "insured" in the omnibus clause has the effect of placing the persons covered by the omnibus clause in exactly the same position as the named insured, and subject to all of the conditions of the policy as they would apply to the named insured, and subject to all the limitations upon coverage set forth in the policy. Hence, since Pullen was an employee of Southern Equipment & Tractor Co., the named insured, the latter was liable to his widow under the compensation statutes, and so Pullen's death was excluded from coverage whether the person causing the death be the named insured or a person to whom the omnibus clause applies, even though the latter is not liable for the providing of the compensation benefits. If a contrary view were to be taken, it would be equivalent to saying that the insurer's liability is greater as to Mitchell, an omnibus insured, than it would have been to Southern Equipment & Tractor Co., if said named insured through negligence on its part had been responsible for Pullen's death.
Appellants contend also that where a policy of insurance is ambiguous and susceptible of two interpretations, that one will be adopted which sustains the claim for indemnity. The rule contended for is well established as is seen by the jurisprudence cited by appellants, but we do not think that the rule has room for application here, for the simple reason that there is no ambiguity in the policy provisions as to the nonliability of the insurer for claims asserted for injury or death of an employee of the insured for which benefits therefor are either payable or required to be provided under any workmen's compensation law.
Appellants cite the case of West v. Monroe Bakery, 217 La. 189, 46 So.2d 122. It is true that in the cited case the Supreme Court said that Act 55 of 1930, now LSA-R.S. 22:655, has been treated consistently as conferring substantive rights on third parties to contracts of public liability insurance, which become vested at the moment of the accident in which they are injured, subject only to such defenses as the tort-feasor himself may legally interpose. The Court simply decided that the rights of an injured party against a tort-feasor crystalized at the moment of the accident, and that those rights may not be prejudiced by the tort-feasor's failure to give notice of the accident to the insurer as provided for in the policy. The decision cannot be taken as precluding the plea of noncoverage ab initio, so neither the facts of the cited case, nor the law alluded to therein, has any relevancy whatsoever here. The Legislature in enacting LSA-R.S. 22:655 gave an injured person or his heirs at their option the right of direct action against the insurer, but was careful to add the words "within the terms and limits of the policy".
No appellate court in Louisiana has been called upon in the past to construe similar exclusions from coverage in liability insurance policies. However, the courts of several other jurisdictions have been confronted with policies requiring the interpretation of analogous clauses.
In Associated Indemnity Corp. v. Wachsmith, 2 Wash.2d 679, 99 P.2d 420, 423, 127 A.L.R. 531, the Supreme Court of Washington had before it a case in which the insurer was sought to be held liable for the negligent act of an omnibus insured, which caused injuries to an employee of the named insured. The policy recited that no coverage was extended to claims for injury or death of any employee of the insured sustained in the course of his employment. The policy also recited that "`The unqualified term "Insured" shall include every person entitled to protection hereunder'". The contentions made on behalf of the injured party and the Court's answer thereto read thus:
"It is admitted that Buss was an employee of the named insured, R. Wachsmith, Sr., at the time he was injured, and that he was in the course of his employment. It is also admitted that the truck on which Buss was riding at *357 the time of the accident was being driven by Richard Wachsmith, Jr., with the consent of the named insured, R. Wachsmith, Sr., and that Buss was not an employee of Richard Wachsmith, Jr. Appellants argue that, Richard Wachsmith, Jr., the judgment debtor, being an insured under the policy at the time of the accident, and Buss not being an employee of Wachsmith, Jr., Buss was not an employee of the insured, and therefore not excluded from coverage under the policy, further arguing that the exclusion clause does not exclude the employee of any insured, but the employee of the insured.
"We do not think this contention can be sustained, because, as the unqualified term `insured' is defined in the policy to mean and include `every person entitled to protection hereunder,' surely it cannot be logically contended that R. Wachsmith, Sr., the one to whom the policy was issued, and who paid for it, is not entitled to protection under the policy. If this be true, then it must follow, we think, that R. Wachsmith, Sr., is an insured under the policy at all times, and that Buss, being his employee at the time he was injured, is not covered by the policy, regardless of whether or not Buss was also an employee of Richard Wachsmith, Jr., the additional insured and judgment debtor herein. The trial court concisely summed up the matter in his memorandum opinion, when he stated: `It seems to the court, also, that the definitive clause supports this conclusion. It states that "the unqualified term `insured' shall include every person entitled to protection hereunder * * *." Certainly, the named assured is one entitled to protection under the policy; therefore, he is included within the meaning of the term "insured." Since he is so included, Buss, as his employee, comes directly within the terms of the "Risks Not Covered" paragraph.'"
Some of the numerous other cases in which are found holdings adverse to appellants are: American Fidelity Co. v. Deerfield Valley Grain Co., D.C., 43 F.Supp. 841; Pearson v. Johnson, 215 Minn. 480, 10 N.W.2d 357; Birrenkott v. McManamay, 65 S.D. 581, 276 N.W. 725; Madison v. Steller, 226 Wis. 86, 275 N.W. 703; Bernard v. Wisconsin Automobile Ins. Co., 210 Wis. 133, 245 N.W. 200; 127 A.L.R. 542 et seq.
Appellants cite two cases which they say support their position as to the proper interpretation of the exclusion clauses, namely: Kaifer v. Georgia Casualty Co., 9 Cir., 67 F.2d 309, and Ginder v. Harleysville Mut. Casualty Co., D.C., 49 F.Supp. 745. We must concede that the first of these cited cases decided the question squarely contrary to the cases relied upon by appellee, but we cannot agree with the conclusion reached by the Court, and believing it to be unsound, we therefore will not follow it. The Ginder v. Harleysville Mut. Cas. Co. case is not applicable, for a cursory reading thereof discloses that the Court was not dealing with an omnibus coverage but with coverage arising under a subsequent endorsement on the policy insuring another named insured.
It is true, as appellants argue, that the policy is a complex instrument covering several named insureds, and has been extensively modified and amended by endorsements, but we fail to see that such circumstances per se redound in their favor. We are unable to ascertain from the photostatic copy of the policy whether the omnibus clause and the exclusions were originally in the contract or became part of the contract by subsequent addenda. The omnibus clause and the exclusions are contained on one sheet of paper, and whether they were part of the agreement at its inception or were inserted afterward is of no moment. They form part of the contract and the liability of the appellee in this case must be determined therefrom.
Pullen's death being excluded from contract coverage, the exceptions of no cause *358 of action filed by the insurer were correctly maintained below.
For the reasons assigned, the judgments appealed from will be affirmed.
Affirmed.