**ST. PAUL–MERCURY INDEMNITY COMPANY, a Corporation, Plaintiff,**

v.

**AMERICAN FIDELITY AND CASUALTY COMPANY, Inc., a Corporation, Larsen & Larsen, Inc., a Corporation, John Doe and Richard Roe, Individuals, Whose Names are Otherwise Unknown to the Plaintiff but will be Added by Way of Amendment when Ascertained, Leroy Osborne, d/b/a Osborne & Company, or as Osborne & Company Truck Lines, and Solan Estes, Defendants.**

**Civ. A. No. 1174–N.**

United States District Court
M. D. Alabama, N. D.
Nov. 2, 1956.

Martin & Blakey, Birmingham, for plaintiff.

Ball & Ball, Montgomery, Ala., for American Fidelity & Casualty Co. and Leroy Osborne, d/b/a Osborne & Com-

pany, or as Osborne & Company Truck Lines, defendants.

Hill, Hill, Stovall & Carter, Montgomery, Ala., for defendant Solan Estes.

Rushton, Stakely & Johnston, Montgomery, Ala., for defendant Larsen & Larsen.

JOHNSON, District Judge.

This cause, coming on to be heard, was tried by the Court without a jury on October 25, 1956. The issues in controversy, which appear in the Court's order on pre-trial hearing entered in this cause on October 15, 1956, are as follows:

Proceeding under the Federal Declaratory Judgment Act, 28 U.S.C.A. § 2201, on behalf of the plaintiff, St. Paul-Mercury Indemnity Company, seeking a declaration by the Court with respect to the rights, privileges, duties, obligations, and other legal relations of the parties to this cause under the terms and provisions of liability insurance policies issued by the plaintiff, St. Paul-Mercury Indemnity Company, to Larsen & Larsen, Inc., and by the defendant American Fidelity and Casualty Company, Inc., to Leroy Osborne, d/b/a Osborne & Company or as Osborne & Company Truck Lines, being policy number 14–26508 issued by the plaintiff, St. Paul-Mercury Indemnity Company to Larsen & Larsen, Inc., and policy number NYPT–15408 issued by the defendant American Fidelity and Casualty Company to Leroy Osborne, d/b/a Osborne & Company or as Osborne & Company Truck Lines. Said action seeks a declaration of such rights, privileges, duties, obligations, and other legal relations of the parties to this cause under the terms and provisions of said policies as they relate to the defense, satisfaction of judgment rendered, and other obligations involving the disposition and satisfaction of the cause styled Solan Estes versus Larsen & Larsen, and others, being civil action No. 1165–N now pending in this Court.

Upon consideration of the pleadings, the testimony of witnesses taken orally before the Court, the exhibits offered by the respective parties, the stipulations of the parties, and the briefs and oral arguments of counsel of the respective parties, the Court now makes and enters the following findings of fact, conclusions of law, and judgment.

Findings of Fact

Pursuant to a written motor vehicle lease agreement executed March 29, 1954, a 1953 model G. M. C. truck tractor, Alabama license tag No. 1 H3–617, and a Fruehauf trailer, Alabama license tag No. 1 T2–466, the property of one Solan Estes, were leased to Leroy Osborne, doing business as Osborne & Company, said truck tractor and trailer both being designated by the company number 63L. Said lease agreement was in force and effect up to and including March 2, 1955.

On March 2, 1955, Leroy Osborne, doing business as Osborne & Company, was engaged in the delivery of 76 rolls of wire mesh to the premises of the Hazel Atlas Glass Company in the City of Montgomery, Alabama, said shipment being consigned to Larsen & Larsen, Inc., a corporation, which was engaged in the performance of a contract of construction upon the premises of Hazel Atlas Glass Company in the City of Montgomery, Alabama, on that date. Said delivery was made in the truck tractor and trailer referred to above in paragraph one, the property of Solan Estes, and was being driven by him at the time of the delivery.

It was the duty of the consignee, Larsen & Larsen, Inc., to unload said truck on arrival. While the employees of Larsen & Larsen were so engaged in the unloading of the material consigned to it, the driver of the truck, Solan Estes, was struck and injured by a roll of wire mesh. The unloading of said wire was undertaken by the employees of Larsen & Larsen, Inc., by and with the consent of Leroy Osborne, doing business as Osborne & Company, and with the consent of Solan Estes, the driver of the truck.

On or before March 2, 1955, the date of the accident herein above referred to,

the defendant American Fidelity and Casualty Company, Inc., had issued and had in force and effect a National Standard automobile liability policy, being policy No. NYPT–15408, in which the defendant Leroy Osborne, doing business as Osborne & Company, was the named insured. Said policy enumerated the automobile truck tractor and trailer owned by Solan Estes and leased to Leroy Osborne, doing business as Osborne & Company, referred to above, among those vehicles which were insured by the company. The policy contained the following provision designated *"Definition of Insured"*:

"The unqualified word 'insured' wherever used in coverages A & B and in other parts of this policy, when applicable to such coverages, includes the named insured and, except where specifically stated to the contrary, also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is with the permission of the named insured."

American Fidelity and Casualty Company agreed "To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed * * * for damages * * * because of bodily injury * * * sustained by any person * * * caused by accident and arising out of the * * * use of the automobile." Item 5(c) provides that "use of the automobile for the purposes stated includes the loading and unloading thereof".

The policy contained the following provision under the title *"Insuring Agreements"*:

"II. Defense, Settlement, Supplementary Payments. As respects such insurance as is afforded by the other terms of this policy under coverages A and B the company shall

"(a) defend in his name and behalf any suit against the insured alleging such injury or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the company shall have the right to make such investigation, negotiation and settlement of any claim or suit as may be deemed expedient by the company;

"(b) pay all premiums on bonds to release attachments for an amount not in excess of the applicable limit of liability of this policy, all premiums on appeal bonds required in any such defended suit, but without any obligation to apply for or furnish such bonds, all costs taxed against the insured in any such suit, all expenses incurred by the company, all interest accruing after entry of judgment until the company has paid, tendered or deposited in court such part of such judgment as does not exceed the limit of the company's liability thereon, and expenses incurred by the insured, in the event of bodily injury, for such immediate medical and surgical relief to others as shall be imperative at the time of accident;

"(c) reimburse the insured for all reasonable expenses, other than loss of earnings, incurred at the company's request.

"The company agrees to pay the amounts incurred under this insuring agreement, except settlements of claims and suits, in addition to the applicable limit of liability of this policy."

The policy also contained the following provisions under the title *"Exclusions"*:

"This policy does not apply:

"(D) under coverages A & C, to bodily injury to, or death of any employee of the insured while engaged in the employment, other than domestic, of the insured, or while engaged in the operation, maintenance or repair of the automobile;

"(E) under coverage A, to any obligation for which the insured or any company as his insurer may be held liable under any workmen's compensation law;"

On or before March 2, 1955, the date of the accident herein above referred to, the plaintiff, St. Paul-Mercury Indemnity Company, had issued and had in force and effect a comprehensive general and automobile liability insurance policy, being policy No. 14–26508, in which the named insureds were Larsen & Larsen, Inc., and Harald N. Larsen, Niels T. Larsen, Jeanette Larsen, and Arlene D. Larsen, individually, by the terms of which the insurer agreed "to pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law or contract for damages, including damages for care and loss of services, because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person or persons". The policy contained the following provision under the title *"Insuring Agreements"*:

"II. Defense, Settlement, Supplementary Payments.

As respects such insurance as is afforded by the other terms of this policy the Company shall

"(a) defend in his name and behalf any suit against the insured alleging such injury, sickness or disease, damage or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the Company shall have the right to make such investigation, negotiation and settlement of any claim or suit as may be deemed expedient by the Company;

"(b) pay all premiums on bonds to release attachments for an amount not in excess of the applicable limit of liability of this policy, all premiums on appeal bonds required in any such defended suit, cost of bonds guaranteeing the Insured's appearance in court if such appearance is required by reason of an accident or traffic law violation arising out of the use of an automobile with respect to which use insurance is afforded under this policy, but without any obligation to apply for or furnish such bonds, all costs taxed against the Insured in any such suit, all expenses incurred by the Company, all interest accruing after entry of judgment until the Company has paid, tendered or deposited in court such part of such judgment as does not exceed the limit of the Company's liability thereon, and expenses incurred by the Insured in the event of bodily injury, sickness or disease, for such immediate medical and surgical relief to others as shall be imperative at the time of accident or occurrence;

"(c) reimburse the Insured for all reasonable expenses other than loss of earnings incurred at the Company's request.

"The Company agrees to pay the amounts incurred under this insuring agreement, except settlement of claims and suits, in addition to the applicable limits of liability of this policy."

The policy issued by St. Paul also contained the following provisions under the title *"Other Insurance"*:

"If there exists at the time of occurrence other insurance under the terms of which the Named Insured is entitled to protection and coverage, then the coverage provided by this policy shall be excess over and above such other good, valid and collectible insurance. If, because of exclusion, limitation, denial of liability or otherwise, coverage under such other insurance be unavailable to the insured named hereunder then this policy shall, subject to its terms, conditions and limitation, operate as primary insurance for the protection of the Named Insured."

On February 15, 1956, complaint was filed in the cause styled Solan Estes,

plaintiff, versus Larsen & Larsen, Inc., a corporation, and others, defendants in the Circuit Court of Montgomery County, Alabama. Said cause was removed to this court by petition of the defendant, Larsen & Larsen, Inc., a foreign corporation, filed on March 8, 1956, with the clerk of this court, being designated civil action No. 1165–N, in which the plaintiff, Solan Estes, claims of the defendants, Larsen & Larsen, Inc., and others, the sum of $100,000 as damages for that on the 2nd day of March, 1955, the defendant, Larsen & Larsen, Inc., was engaged in the performance of a contract for the construction of certain alterations, repairs and improvements upon the premises of the Hazel Atlas Glass Company in the County of Montgomery, State of Alabama; and that said defendants then and there so negligently conducted said business that by reason of and as a proximate result and consequence of such negligence the plaintiff received severe personal injuries, which cause is now pending in this Court.

The plaintiff, St. Paul-Mercury Indemnity Company, when called upon by their insured, Larsen & Larsen, Inc., to defend against the suit filed by Solan Estes and to discharge its other obligations under the insuring agreement, tendered the defense of that action to the defendant, American Fidelity and Casualty Company, who denied any obligation to defend said suit or to pay any judgment rendered therein, whereupon the plaintiff undertook to defend said suit and on April 19, 1956, filed this suit seeking a declaratory judgment defining the rights and obligations of the parties.

Conclusions of Law

That the Court has jurisdiction of this cause brought pursuant to the Declaratory Judgment Act, 28 U.S.C.A. § 2201, and of the parties thereto.

■ The Court concludes as a matter of law that Larsen & Larsen, Inc., is an additional or omnibus insured within the meaning of the term "insured" as defined in the policy of automobile liability insurance issued by the American Fidelity and Casualty Company with Leroy Osborne, doing business as Osborne & Company, designated as the named insured.

The Court further concludes that exclusion provisions (d) and (e) of the policy of automobile liability insurance issued by American Fidelity and Casualty Company to Leroy Osborne, doing business as Osborne & Company, as the named insured, do not prevent Larsen & Larsen, Inc., from being entitled to the benefits of said policy as an additional or omnibus insured.

The Court's determination that exclusion clauses (d) and (e) of the policy of the American Fidelity and Casualty Company do not operate to prevent Larsen & Larsen's being entitled to the benefits of that policy as an omnibus insured is not based on a classification of Leroy Osborne's driver, Solan Estes, as an independent contractor. If Estes is classified as an independent contractor, there is no question but that provisions which exclude liability to employees of the insured and to those to whom it is liable for workmen's compensation will not operate to prevent liability on the part of the company to defend all of those found to be insureds within the meaning of the policy. If Estes can be classified as an employee of Leroy Osborne, exclusion clauses (d) and (e) are equally without application, since Estes, although classified as an employee of Leroy Osborne, the named insured, is not an employee of Larsen & Larsen, Inc., the omnibus insured, which is the party being sued and the party who is seeking benefits offered by the liability insurance.

■ The Court is persuaded that the better existing authority construing the effect of exclusion clauses, such as those found in (d) and (e) of the policy issued by American Fidelity and Casualty Company, is to the effect that the proper construction of the words "the insured" contained in exclusion clauses (d) and (e) of the policy of the American Fidelity and Casualty Company operate to ex-

44

clude coverage only in those cases in which the injured party is an employee of the insured claiming coverage under the policy, whether such insured be the named insured or an additional insured under the omnibus clause. Kaifer v. Georgia Casualty Co., 9 Cir., 67 F.2d 309, cited and relied on in State Farm Mutual Automobile Insurance Co. v. Mackechnie, 8 Cir., 114 F.2d 728; New v. General Casualty Co. of America, D.C. Tenn., 133 F.Supp. 955; Ginder v. Harleysville Mutual Casualty Co., D.C.Pa., 49 F.Supp. 745, affirmed 3 Cir., 135 F. 2d 215. See the recent annotation at 50 A.L.R.2d 97(6) (a) where the authorities are collected.

For the reasons shown herein, the Court is of the opinion that the insurance policy issued by American Fidelity and Casualty Company provides protection to Larsen & Larsen, Inc., as an omnibus insured, for any liability growing out of the injury to Solan Estes on March 2, 1955, and, therefore, Larsen & Larsen, Inc., as an insured under such policy, is entitled to the benefits of such policy in the suit styled Solan Estes v. Larsen & Larsen, Inc., et al., now pending in this Court.

### Judgment

It is, accordingly, Ordered, Adjudged and Decreed by the Court that the defendant American Fidelity and Casualty Company is primarily liable under the terms of its contract of liability insurance, herein above referred to, to provide protection to Larsen & Larsen, Inc., its omnibus insured, for liability growing out of the injury to Solan Estes on March 2, 1955, in Montgomery, Alabama, and that Larsen & Larsen, Inc., as an insured under such policy, is entitled to the benefits of such policy in the suit of Solan Estes v. Larsen & Larsen, Inc., et al., now pending in this Court.

It is further Ordered, Adjudged and Decreed by the Court that the costs of court incurred herein be and the same are hereby taxed against the defendant American Fidelity and Casualty Company, for which execution may issue.