The **TRAVELERS INSURANCE COM-PANY, Plaintiff,**

v.

**OHIO FARMERS INDEMNITY COM-PANY, Defendant.**

**Civ. A. No. 3193.**

United States District Court
W. D. Kentucky,
Louisville Division.

Dec. 5, 1957.

Lively M. Wilson, Stites, Wood, Helm & Peabody, Louisville, Ky., for plaintiff.

R. O. Harmon, Boehl, Stopher, Graves & Deindoerfer, Louisville, Ky., for defendant.

SHELBOURNE, Chief Judge.

In this proceeding, the plaintiff, The Travelers Insurance Company (hereinafter referred to as Travelers), seeks a declaration of its rights and obligations, pursuant to Title 28, Section 2201, United States Code. Diversity of citizenship and the requisite amount in controversy give this Court jurisdiction.

It is alleged by Travelers in its complaint that, on December 7, 1955, William Perry, an employee of Bundy Brothers Milling Company (hereinafter referred to as Bundy Brothers), was operating a trailer truck owned by Bundy Brothers; that Perry sustained a severe injury while the truck operated by him was being unloaded at the plant of Pillsbury Mills, Inc., (hereinafter referred to as Pillsbury) at Louisville, Kentucky, and that the unloading was being conducted by Carl Isham and Carl Blacketer, employees of Pillsbury, assisted by Perry.

At the time of the accident, Travelers had issued, and there was in force, a general liability policy to Pillsbury, by which the legal liability of Pillsbury was insured by Travelers against damages because of bodily injury sustained by any person and caused by accident. The policy contained the following definition of the term "insured" as used in the policy: "The unqualified word 'Insured' includes the named insured and also includes any executive officer, director or stockholder thereof while acting within the scope of his duties as such, and any organization of proprietor with respect to real estate management for the named insured. * * *" It is alleged by Travelers that the coverage of its policy did not extend to or afford coverage for damages to Pillsbury's employees.

It is alleged that the defendant, Ohio Farmers Indemnity Company (hereinafter referred to as Ohio), at the time of the accident had issued, and there was

in effect, a comprehensive liability policy to Bundy Brothers, by the terms of which Ohio insured the legal liability of Bundy Brothers arising out of bodily injury sustained by any person, caused by accident and arising out of the ownership, maintenance or use of any automobile. The unqualified term "insured" as used in Ohio's policy was defined as including the named insured and any person using an owned or hired automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile was by the named insured or with his permission. "Use of an automobile" in Ohio's policy was defined as including the loading and unloading thereof.

Travelers alleged that it had been called upon to negotiate, settle, or defend a claim made by Perry against Pillsbury and Pillsbury's employees, Isham and Blacketer, for injuries received by Perry, which he claimed resulted from the negligence of Pillsbury in the unloading of Bundy Brothers' truck. It was alleged that Guarantee Insurance Company (hereinafter referred to as Guarantee), as the carrier of the workmen's compensation liability of Bundy Brothers, had been making payments to Perry on account of his injuries, and Guarantee had called upon Travelers to reimburse it for sums paid Perry under Bundy Brothers' compensation liability.

Travelers alleged that it had demanded of Ohio to negotiate, settle, and defend the claims of Perry on the grounds that

(a) Travelers policy covered only the named insured;

(b) The employees of Pillsbury, Isham and Blacketer, were protected by the policy issued to Bundy Brothers by Ohio;

(c) The only basis upon which Pillsbury could be liable to Perry and Guarantee would be under the doctrine respondeat superior and, although responsible to a third party, Pillsbury would be entitled to recover over against its employees for any loss occasioned by their negligence, and

(d) Since the injuries of Perry were the result of the alleged negligence of

Isham and Blacketer and Pillsbury, acting through Isham and Blacketer as its agents and employees, and since any loss would eventually fall on said employees, that Ohio as their insurer was obligated to take over the negotiation, settlement, and defense of the claims of Perry and Guarantee.

Travelers seeks a declaration, in substance, that

(1) Its policy of insurance issued to Pillsbury extended coverage only to Pillsbury and not to the employees of Pillsbury;

(2) The policy of insurance issued by Ohio to Bundy Brothers extended coverage not only to Bundy Brothers, the named insured, but as well to Pillsbury and its employees who were using the truck of Bundy Brothers in the unloading thereof, and

(3) As a result of the coverage, Ohio is responsible for the defense and settlement of all claims arising out of the alleged negligence of Pillsbury's employees or of Pillsbury, acting by and through its employees.

In Paragraph II of the complaint, Travelers alleged that its policy to Pillsbury provided that, if the insured had other insurance against a loss covered by the policy of Travelers, the latter should not be liable under the policy for a greater proportion of the loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss, and that Ohio's policy to Bundy Brothers contained a similar clause.

Claiming coverage under the policy issued by Ohio to Bundy Brothers under the covenant of coverage and definition of insured contained in that policy, Travelers seeks to have this Court declare that the policy of insurance issued by Ohio to Bundy Brothers covered Pillsbury and became additional insurance for that portion of any damage which Perry and Guarantee might recover in proportion to the limits of liability in the two policies, it being alleged that the limit of liability in Travelers' policy for each person injured was $100,000 and the limit of liability in Ohio's policy was $50,000 for each person injured.

In its answer, Ohio admitted that the alleged demands had been made upon it by Travelers, but denied that there was any coverage under Ohio's policy and averred that the question of coverage is a question of law to be determined by the Court. The defendant seeks a declaration of rights to the effect that its policy of insurance afforded no coverage under the facts alleged by Travelers in its complaint.

Subsequently, on April 11, 1957, Ohio filed its amended answer, in which it alleged that one of the conditions of its policy issued to Bundy Brothers required that when an accident occurred written notice should be given by or on behalf of the insured to the company as soon thereafter as practicable; which notice should contain particulars sufficient to identify the insured, together with reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured, and the names and addresses of all available witnesses. It was alleged that the accident in which Perry was injured occurred December 7, 1955, and that no notice was given to Ohio until February 7, 1956; that the policy also contained a condition requiring that, in the event a claim was made or suit brought against the insured, the insured should immediately forward to the company every demand, notice, summons, or other process received by it or its representative.

It is alleged by Ohio that, on December 5, 1956, suit was filed in the Jefferson Circuit Court by Perry and Bundy Brothers against Pillsbury, Isham, and Blacketer, seeking to recover in excess of $100,000 for injuries allegedly arising out of the accident of December 7, 1955; that, on December 7, 1956, summons was served on Pillsbury in the Jefferson Circuit Court action, which summons had never been forwarded to Ohio, and that no notice of said suit or receipt of the summons had ever been given to Ohio

by or on behalf of Pillsbury until March 15, 1957; that Travelers caused the Jefferson Circuit Court action to be transferred to the United States District Court for the Western District of Kentucky, and caused an answer to be filed in behalf of Pillsbury without reservation and without notice to Ohio.

Upon these alleged facts, Ohio further seeks a declaration that Pillsbury's alleged failure to observe the notice requirements of Ohio's policy absolved the latter from liability.

Stipulations of fact were subsequently filed; one dealing with the happening of the accident, the other primarily with the facts surrounding the alleged failure of Travelers to give notice to Ohio.

By the first stipulation, it was agreed that the accident occurred December 7, 1955, at the mill of Pillsbury at Louisville, Kentucky, when Perry, an employee of Bundy Brothers, delivered a trailer truck loaded with shelled corn to Pillsbury; while the truck was being unloaded, with the aid of a pull-drag operated by a motor supplied by Pillsbury, by Isham and Blacketer, employees of Pillsbury, assisted by Perry, the latter's leg became entangled in the cable pulling the drag, resulting in an injury to Perry which culminated in the loss of his leg by amputation; thereafter, compensation benefits amounting to $8,727.75 were paid to Perry by Guarantee.

A copy of the policy issued by Ohio to Bundy Brothers was filed with the stipulation, as was a copy of the policy issued by Travelers to Pillsbury.

It was stipulated that the suit filed against Pillsbury, Isham, and Blacketer seeks to recover on behalf of Perry $92,580 for injuries sustained by Perry and Bundy Brothers seeks to recover $8,727.75, the aggregate of the workmen's compensation payments made by its compensation insurance carrier, Guarantee, to Perry.

It was further stipulated that the claims in the suit of Perry and Bundy Brothers were that the injuries sustained by Perry resulted from

(a) The negligent operation by Isham and Blacketer, Pillsbury's employees, of the mechanical and manual devices being used in the unloading of the truck;

(b) Negligent maintenance by Pillsbury of defective machinery;

(c) Failure of Pillsbury's employees to warn Perry of the danger emanating from the use of the unloading equipment, and

(d) Pillsbury's employees' alleged negligence in permitting Perry to be near the inherently dangerous unloading equipment without warning Perry of such danger.

The second stipulation of facts relates to Ohio's amended answer, in which Ohio pleaded the failure of Travelers to give notice of the claims of Perry and Bundy Brothers and the subsequent suit, as required by the notice provisions of Ohio's policy referred to hereinabove.

It was stipulated that the notice of Perry's claim was received by Ohio's agent on January 30, 1956, and that, prior to April 11, 1957, Ohio had never notified Travelers, Pillsbury, Isham, or Blacketer that its refusal to investigate the claim of Perry arising out of his injuries was on the ground that the notice of the accident was not given as soon as practicable; that no notice was given by Pillsbury or its defendant employees of the filing of the suit by Perry and Bundy Brothers in the Jefferson Circuit Court.

### Findings of Fact

The Court adopts as its findings of fact the signed stipulations of the parties, the substance of which is stated above.

In addition thereto, the Court finds that John K. Lee, Jr., Claims Adjuster of Travelers, on December 20, 1955, contacted Perry after the receipt by Travelers, on December 8, 1955, of notice of the accident. Lee mistakenly ascertained from Perry and his attorney, David Waterman, that Guarantee Insurance Company of Indiana carried a policy of liability insurance on the truck of Bundy Brothers involved in the accident. On December 28, 1955, Lee directed a letter

to Waterman, as attorney for Perry, and Guarantee, advising that he was reporting on behalf of Travelers, the general liability carrier on behalf of Pillsbury, Isham and Blacketer, that Pillsbury and its employees were claiming that, under the policy which Claims Adjuster Lee understood had been issued by Guarantee to Bundy Brothers, Pillsbury, Isham and Blacketer were additional assureds under the omnibus clause of that policy and that Travelers would so claim. Although the letter specifically requested a written acknowledgment, no reply was received.

Subsequently, on January 25, 1956, Lee received information from the Indianapolis, Indiana, office of Travelers that Guarantee had not issued any policy to Bundy Brothers other than the workmen's compensation policy. Thereafter, he inquired of and learned from Bundy Brothers that Ohio had issued the policy insuring legal liability on the truck and, on February 7, 1956, Lee gave notice to Ohio of the claims of Perry and Guarantee. Travelers had no notice prior to Adjuster Lee's contact with Bundy Brothers that Ohio had issued the policy sued on.

### Conclusions of Law

(1) The Court has jurisdiction of the subject matter and of the parties, Title 28, Section 2201, United States Code.

(2) The parties to this action are entitled to a declaration of the rights and obligations of Travelers and Ohio, under their respective policies of insurance, arising out of the accident and resulting injuries to Perry on December 7, 1955.

(3) It is the contention of Travelers and not disputed by Ohio that the covenants in its policy extend coverage to Pillsbury and its two employees under the omnibus clause. However, Ohio contends that, under the exclusion provisions of its policy, it has no liability. The pertinent portion of the exclusion clause is sub-paragraph (c) of Part III of Ohio's policy, providing that coverage shall not extend to an injury to any employee of the insured while engaged in the employment. Travelers' contention is that the term "any employee of the insured" was not designed to withdraw coverage from an employee of an additional insured when the claim or suit is by one not an employee of the additional insured and, therefore, as to the additional insured, a member of the general public; that, in short, the exclusion clause withdraws coverage only when a claim or suit is by an employee against his own employer. This is the legal question, the answer to which determines the liability of Ohio to defend or assist in the defense and settlement of the suit of Perry and Bundy Brothers.

This question is determined by the law of Kentucky; but no Kentucky cases directly in point have been found by counsel or by the Court, and the authorities from other states are not in agreement.

Travelers contends that the provisions of the policy should be construed to extend indemnity under the policy to all persons rather than to narrow or restrict the application. Standard Accident Insurance Co. v. Perry County Board of Education, D.C., 72 F.Supp. 142. Its contention is that "the insured" is singular and refers to only one of several persons who can qualify as insureds under the policy, and that the use of the singular noun results in ambiguity, in which event it is the duty of the Court to construe the exclusion clause so as to provide coverage.

Travelers relies upon the recent case of New v. General Casualty Company of America, D.C.Tenn., 133 F.Supp. 955, 958, decided July 14, 1955, by the late Judge Davies. In that opinion, Judge Davies said: "The exclusion clause uses the term 'employee of the insured' rather than 'any insured' or 'all insured' which means that it is directed to the situation of some particular insured. The term could apply to 'the insured named in the policy', 'the person qualifying as an additional insured' or 'the insured calling for protection.' When more than one person is included within the singular term, 'the insured', an ambiguity results."

Judge Davies then concluded: "In the determination of the obligation of an

insurer to protect the named insured against the claims of any injured party, it is not necessary to consider the definition of insured by which protection is extended to other persons, and, for this purpose, *the named insured is the only person considered* in determining the applicability of the exclusion clause." (Emphasis added.)

Other cases relied upon by Travelers in support of its contention are: Kaifer v. Georgia Casualty Company, 9 Cir., 67 F.2d 309; Pleasant Valley Lima Bean Growers and Warehouse Ass'n v. Cal-Farm Insurance Co., 142 Cal.App.2d 126, 298 P.2d 109; Sandstrom v. Clausen's Estate, 258 Wis. 534, 46 N.W.2d 831; Vick v. Brown, 255 Wis. 147, 38 N.W.2d 716; Buck v. Home Mutual Casualty Co., 258 Wis. 538, 46 N.W.2d 749, and State Farm Mutual Auto. Insurance Co. v. Mackechnie, 8 Cir., 114 F.2d 728.

(4) Ohio contends that the use of the word "insured" in the exclusion clause of its policy must be construed and given the same meaning as its definition in the policy, which provides: "The unqualified word 'Insured' includes the 'Named Insured' and also includes * * * (2) under coverages A and C any person while using an owned automobile * * * and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the Named Insured or with his permission, * * *."

It is, therefore, contended that the word "insured" includes the named insured, Bundy Brothers, and the additional insureds, Pillsbury, Isham and Blacketer, and that Perry, being an employee of Bundy Brothers, is excluded from coverage under the policy.

Ohio cites Pullen v. Employers' Liability Assur. Co., La.App., 72 So.2d 353; Standard Surety and Casualty Co. of New York v. Maryland Casualty Co., 281 App.Div. 446, 119 N.Y.S.2d 795; Birrenkott v. McManamay, 65 S.D. 581, 276 N.W. 725; Continental Casualty Co. v. Pierce, 170 Miss. 67, 154 So. 279; Associated Indemnity Corp. v. Wachsmith, 2 Wash.2d 679, 99 P.2d 420, 127

A.L.R. 531; and Vaughn v. Standard Surety & Casualty Co., 27 Tenn.App. 671, 184 S.W.2d 556.

In the annotation in 50 A.L.R.2d, at page 99, the cases of Continental Casualty Co. v. Pierce, supra, and Birrenkott v. McManamay, supra, are discussed. The annotator was considering the contention that an exclusion coverage of injuries suffered by an employee of the assured while in the course of his employment was not effective to avoid liability of the named insured incurred through the negligence of a fellow servant who was operating the insured's automobile at the time of the accident. And also considered was the contention that the phrase "employees of the assured" in the exclusionary clause should be limited to employees of the person for whom the policy was invoked, that is, the additional insured against whom the judgment had been obtained. He concludes that "the true construction" is that no employee of the named insured engaged in the named insured's business could recover against *anyone operating the car*.

(5) Construing the meaning of and limitation of an exclusionary clause similar to the one in Ohio's policy, in the case of Lumber Mutual Casualty Insurance Co. of New York v. Stukes, 4 Cir., 164 F.2d 571, 573, Judge Parker said, "There can be no question that the purpose was to apply the exclusion to employees of an additional insured as well as to those of the named assured, * * *."

Judge Parker further said: "The exclusion clause, however, applies to the additional as well as the named insured because it excludes coverage in any case of 'bodily injury to or death of an employee of the insured.' Hence any injury negligently inflicted by Timmons upon his own employees would be outside the coverage. Kaifer v. Georgia Casualty Co., 9 Cir., 67 F.2d 309. It will be noticed that the language is 'the insured' and not 'the named insured', the latter being the language used in the policy where the intention is to designate only the person to whom the policy is issued;

60

and the omnibus coverage clause, as above pointed out, defines the word 'insured' as used in the policy so as to incude any person using the automobile with the permission of the named insured. The purpose of the exclusion clause is to limit coverage to liability for injury to members of the general public and to exclude liability to employees of the insured."

(6) It is concluded by this Court that the exclusion clause of Ohio's policy did not extend coverage for injuries to an employee of the named insured or to additional insureds, both of whom are included in the unqualified word "insured" as defined in the policy.

■ (7) There remains then the question of timely notice. No question but that, under the law of Kentucky, the requirements in the provision of the policy that notice be given as soon as practicable required notice to be given within a reasonable time, and that reasonable time presents a factual situation dependent upon the actualities and circumstances in each case. Jefferson Realty Co. v. Employers' Liability Assurance Corp., 149 Ky. 741, 149 S.W. 1011; Travelers Insurance Co. v. Boyd, 312 Ky. 527, 228 S.W.2d 421; Hines v. Royal Indemnity Co., a case from this Court, 141 F.Supp. 234.

■■ The Court concludes that, under the facts in this case, timely notice was given by Travelers as soon as it was ascertained that Ohio was the insurance carrier of the legal liability of Bundy Brothers on the truck involved in the accident in question. When Ohio received notice of the claims from Travelers it denied all liability, not complaining in anywise of the timeliness of its notice but disclaiming all liability under the terms, conditions, and exclusions of coverage of its policy. It was not thereafter in a position to rely upon the provision for notice.

## Conclusion

A judgment, therefore, will be entered in this action, absolving Ohio from any liability to defend or participate in the defense of this action in this Court in which Perry and Bundy Brothers are plaintiffs and Pillsbury, Isham, and Blacketer are defendants.

Said judgment will further adjudge that Pillsbury complied with the provision of Ohio's policy to Bundy Brothers requiring notice of the claims by Perry and Bundy Brothers against Pillsbury, Isham, and Blacketer, and that the subsequent failure, after notice of the claims of Perry and Bundy Brothers, to deliver to Ohio the summons and process issued in the Jefferson Circuit Court action was waived by Ohio by its denial of liability on receipt of the initial notice of the claims of Perry and Bundy Brothers and Guarantee.

Said judgment will be submitted by counsel for defendant upon notice to counsel for plaintiff, in accordance with Rule 7 of the rules of this Court.