■ GREAT AMERICAN INSURANCE COMPANY, Respondent, v. NORDIC DIESEL & MACHINE CO., INC., et al., Appellants.— Order, Supreme Court, New York County entered on February 26, 1971, so far as appealed from, unanimously modified, on the law, so as to grant defendant-appellant Nils Lokhammer's motion and to declare that plaintiff is obligated under its policy of liability insurance issued to appellant Nordic Diesel & Machine Co., Inc., to defend Lokhammer and to pay any judgment which might be recovered against him as a third-party defendant and cross-defendant in the action pending in Supreme Court, Nassau County, brought by Edward Berntsen against Isthmian Lines, Inc.; and otherwise affirmed. Defendant-appellant Nils Lokhammer

shall recover of respondent $50 costs and disbursements of this appeal. The policy provision excluding coverage for injuries to employees of Nordic, the named insured, is not applicable to the additional insured, Lokhammer. The record clearly establishes, and plaintiff concedes, that at the time of the accident to Berntsen, Nordic's employee, Lokhammer, came within the definition of insured as an executive officer, director and stockholder acting within the scope of his duties. We perceive no factual dispute as to Lokhammer's status. He was at the scene of the accident in the discharge of his duties as Nordic's vice-president. He is being sued for his alleged negligence. The plaintiff admits that he qualifies as an additional insured under the terms of the policy. He is clearly entitled to the sought declaration. (See *Greaves* v. *Public Serv. Mut. Ins. Co.*, 5 N Y 2d 120; *City of Albany* v. *Standard Acc. Ins. Co.*, 7 N Y 2d 422; *Kaifer* v. *Georgia Cas. Co.*, 67 F. 2d 309.) Concur — Nunez, J. P., Kupferman, McNally and Tilzer, JJ.